KUEHNEL, Appellant, vs. WISCONSIN REGISTRATION BOARD OF ARCHITECTS AND PROFESSIONAL ENGINEERS, Respondent.

*April 16—May 18, 1943.*

190

*Charles L. Mullen* of Milwaukee, for the appellant.

For the respondent there was a brief by the *Attorney General, James Ward Rector,* deputy attorney general, and *Beatrice Lampert,* assistant attorney general, and oral argument by *Mrs. Lampert.*

FRITZ, J. So far as material for the consideration of appellant Henry L. Kuehnel's contentions on this appeal, it suffices to note the following matters. Briefly summarized, the allegations in his complaint herein are to the effect that prior to September 12, 1941, he was a duly licensed and practicing architect under sec. 101.31, Stats.; that in a complaint issued under sec. 101.31 (10), Stats., by the Wisconsin Registration Board of Architects and Professional Engineers (hereinafter called the "board"), on its own motion, it alleged that by reason of certain acts or omissions stated in its complaint, Kuehnel was "guilty of gross negligence, incompetency, deceit and misconduct within the meaning of sec. 101.31," Stats.; that at a hearing held in July, 1941, the board dismissed some of the charges, but denied Kuehnel's motion for dismissal of all charges and the complaint on the ground that the board was without jurisdiction, and made findings that he was guilty of gross negligence, incompetency, and misconduct in the practice of architecture and thereupon revoked his certificate of registration. In his complaint Kuehnel further alleged that the board's order is unreasonable and unlawful on the grounds that its findings are without foundation of fact and contrary to the evidence, and its decision is perverse and without basis in law or fact; wherefore he prayed that the decision be reversed and vacated and that the board's order of revocation be stayed. The board denied, in its answer, that its findings were without foundation of fact and contrary to the evidence; that its decision was per-

verse and without basis in law or fact; or that its order re-
voking plaintiff's certificate of registration is unreasonable
or unlawful on any of the grounds stated in plaintiff's com-
plaint or for any other reason. The board also filed a certi-
fied copy of the record of the proceedings on the hearings
held pursuant to its complaint filed against Kuehnel before
the architects' division of the board, at which Kuehnel ap-
peared personally and by counsel and was permitted to cross-
examine witnesses appearing against him, and to produce evi-
dence and witnesses in his own defense. In that copy of the
record there are included a transcript of all testimony, docu-
ments, and papers on file and the board's findings and order
in the proceedings to revoke or suspend Kuehnel's certificate
of registration. Upon that record and an affidavit by its act-
ing secretary, the board moved for summary judgment dis-
missing Kuehnel's complaint and affirming its order revoking
his certificate of registration. Thereupon Kuehnel "for the
purpose of obtaining an order for summary judgment herein"
filed a counteraffidavit in which he stated in detail his version
of the facts in respect to the charges in the board's complaint,
in relation to which there was taken the evidence at the hear-
ings before the board upon which it made its order revoking
Kuehnel's certificate. The circuit court, upon the hearing of
those motions of the parties granted the board's motion for
summary judgment, and accordingly judgment was entered
dismissing Kuehnel's complaint and vacating the court's or-
der, which had stayed *pendente lite* the revocation of his
certificate of registration.

Kuehnel's principal contention on this appeal is that he was
entitled in this action to have a trial *de novo* in the circuit
court not only in respect to issues of law, but also in respect to
the facts found by the board as the grounds upon which it
based its order of revocation; and that by reason of specific
denials in the board's answer and its secretary's affidavit of
matters of fact stated in Kuehnel's complaint and affidavit
in opposing the board's motion for summary judgment, there

were substantial issues of fact to be tried, and therefore the court erred in ordering a summary judgment dismissing the complaint. In this connection Kuehnel claims that he is entitled to a trial *de novo*, because sec. 101.31 (10) (f), Stats., in authorizing an appeal from the action of the board to the circuit court "in the manner provided in section 101.26," renders applicable to such an appeal the provisions in sec. 101.26 (2) that "said action shall be at issue and stand ready for trial;" and in sec. 101.26 (3) that "the same shall be tried and determined as other civil actions."

Kuehnel's .claim and the contention based thereon cannot be sustained. The board's action was taken under sec. 101.31 (10), Stats., which provides that it shall have the power to revoke the certificate of registration of any registrant who is found guilty of "(a) . . . ; (b) Any gross negligence, incompetency or misconduct in the practice of architecture or of professional engineering as a registered architect or as a registered professional engineer." Par. '(c) of sec. 101.31 (10),- Stats., provides the manner in which charges may be made against a registrant; par. (d) provides for a hearing before the board at which the registrant may appear personally or by counsel, cross-examine witnesses appearing against him, and produce evidence in his own defense; par. (e) provides that if, after such hearing, four members of the division of the board before which the hearing is held find the registrant guilty the board shall revoke his certificate; and par. (f) provides that "Appeals from the action of the board may be had to the circuit court of Dane county in the manner provided in section 101.26." The mere use of the word "appeals" in providing in such a statute as sec. 101.31 (10) (f) for appeals from the action of a board to the circuit court is generally not considered to entitle an appellant to a trial *de novo* in circuit court (*School Dist. v. Callahan,* 237 Wis. 560, 578, 297 N. W. 407), in the absence of provisions which specifically provide for such a trial on the appeal. The above-quoted provisions in subs. (2) and (3) of sec. 101.26, Stats.

(relating to "procedure to review orders" of the industrial commission), upon which Kuehnel relies, are obviously intended to be only directory as to the procedural methods to be followed to determine such issues as are proper, in such an action as is authorized by sub. (1) of sec. 101.26, viz.,—

"an action . . . against the commission as defendant to vacate and set aside any such order *on the ground that the order is unlawful, or* that any such order *is unreasonable. . . ."*

In thus stating only two grounds as the bases for such an action, the issues which are to be determined by the court are limited under sec. 101.26 (1), Stats., to whether the order of the board is "unlawful" or "unreasonable;" and consequently the only "trial" authorized to be had in circuit court is such as is necessary to determine the issues which can be deemed to arise in but those two respects. The use of the word "trial" in sub. (2) and of the phrase "shall be tried" in sub. (3) of sec. 101.26 does not warrant the conclusion that there was intended to be a trial *de novo* of the issues of fact determined by the industrial commission. "Trial" is defined in sec. 270.06, Stats., as "the judicial examination of the issues between the parties, whether they be issues of law or of fact." Consequently the use of the word "trial," in sec. 101.26 (3), does not necessarily mean the judicial examination of issues of fact, as well as issues of law. Although that word is likewise used in sec. 111.07 (11), Stats. (relating to proceedings in circuit court upon appeal from orders of the Wisconsin employment relations board), we have consistently held that proceedings are limited to a review of the findings and order of the board, and the court is not to receive and weigh additional evidence. *Century Building Co. v. Wisconsin E. R. Board,* 235 Wis. 376, 291 N. W. 305; *Folding Furniture Works v. Wisconsin L. R. Board,* 232 Wis. 170, 191, 285 N. W. 851, 286 N. W. 875; *Wisconsin Labor R. Board v. Fred Rueping L. Co.* 228 Wis. 473, 279 N. W. 673. As

the action authorized by sub. (1) of sec. 101.26, Stats., can be maintained only on the grounds that the order is (1) unlawful or (2) unreasonable, the only issues therein are virtually the same as in *certiorari* proceedings to review official action, which are uniformly considered to be only issues of law, because of which there is nothing involved but a review of the record to determine whether the board acted lawfully (*i. e.,* within the scope of powers granted) and reasonably (*i. e.,* whether there was evidence to support its findings). As this court said in *General A. F. & L. Assur. Corp. v. Industrial Comm.* 223 Wis. 635, 645, 646, 271 N. W. 385,—

"In *certiorari* to review administrative findings, there is neither a trial *de novo* nor a weighing of the evidence, and the findings are conclusive if the record discloses evidence to sustain them. [Citing cases.] It will not be necessary here to cite all of the cases in this court which have held that findings of the commission, whether upon jurisdictional facts or not, are conclusive if the record discloses any evidence to support them. . . . Thus, we conclude that the compensation act neither provides nor as a condition of validity need prescribe a form of review that involves a trial *de novo* or a weighing of the evidence by the court where jurisdictional facts are involved; that the scope of review provided is that given upon *certiorari;* that such a review is consistent with the judicial process, affords due process, and avoids any constitutional objection to the delegation of judicial power to an administrative body. Such a conclusion conforms to the practical necessities which have given rise to administrative tribunals. If courts are to weigh the evidence before commissions in reviewing their findings of so-called 'jurisdictional' fact, the efficiency of administrative action will be greatly impaired. If it must give a trial *de novo,* the twilight of administrative law is at hand, for the proceedings before the administrative body will be but a perfunctory skirmish, the principal contribution of which will be delay."

It follows that on the appeal authorized under secs. 101.31 (10) (f) and 101.26, Stats., as in proceedings on *certiorari*

to review in court an order of a board which can be set aside
only on the grounds that it is unlawful or unreasonable, the
court must determine the issues in those respects on solely
the record, and if, under·any reasonable view the evidence in
the record supports the board's action it must be sustained.
Consequently, Kuehnel was not entitled to a trial *de novo*.
The issues as to whether the board's order is "unlawful" or
"unreasonable" had to be determined by the trial court,—on
solely the evidence in the record acted upon by the board and
returned to the court, including the testimony taken at the
hearings; and if that evidence, upon any reasonable view
thereof, sustains the board's findings and conclusion, its ac-
tion could not be disturbed by the court.

As it is evident upon a review of the record that the acting
division of the board was fully warranted in finding the facts
stated in its written decision, no useful purpose will be served
by discussing either the evidence or the facts which the board
found in detail, and then summarized as follows:

"From the testimony in connection with Count No. 1
(Cates) the negligence and incompetence of Mr. Kuehnel is
evident from the nature of the mistakes in the plans, the fail-
ure of the basement walls, the delay in the construction of the
building, the failure to secure a building permit and the mis-
placement of the building in reference to the lot line. Further,
his actions in connection with the securing of the owner's in-
dorsement of payment on certificates after he had knowledge
of the misplacement of the building is evidence of miscon-
duct. The owners were kept in ignorance of the true state of
affairs. In connection with Count No. 3 (Jensen) the negli-
gence and incompetence of Mr. Kuehnel is again evident from
the nature of the mistakes in the plans, the planning of an
impractical and dangerous stairs which could not be safely
installed, the improper construction of floor joists under bath-
room and the lack of foundation for pantry walls."

The facts as thus summarized warranted the board in find-
ing plaintiff guilty of "gross negligence, incompetency, and

misconduct in the practice of architecture;" and in therefore revoking his certificate of registration to practice architecture in this state.

Neither can there be sustained Kuehnel's contention that, inasmuch as under a provision in sec. 101.31 (7) (f), Stats., he could have erected the single-family dwellings in question without being registered as an architect, his certificate of registration cannot be revoked by reason of any of his acts or omissions in connection with such dwellings for the owners Cates and Jensen. In sec. 101.31 (1) (a), Stats., an architect is defined to include a person who represents himself to be an architect; and sec. 101.31 (10) (b), Stats., authorizes the board to revoke a certificate of registration of any registrant who is found guilty of any gross negligence, incompetency, or misconduct in the practice of architecture or as a registered architect. Even though Kuehnel might lawfully have made plans and specifications or supervised the erection of those dwellings in some capacity other than that of architect, he in fact was not acting in any such other capacity in relation to planning and supervising of the Cates and Jensen dwellings. The evidence in respect thereto clearly shows that he not only represented himself as a professional architect, but contracted to furnish his services in that capacity and that his services were engaged in reliance upon such representations. Consequently, the proceedings, determination, and the revocation of his certificate of registration because of his gross negligence, incompetency, and misconduct in the practice of architecture, were clearly within the jurisdiction of the board.

As the issues herein had to be determined on the basis of the record of the proceedings upon which the board acted, and plaintiff was not entitled to a trial *de novo,* there was no occasion to supplement the record by the affidavits filed by each of the parties to support the motions for summary judgment. No such motion is necessary in an action such as this to vacate an order on the ground that it is unlawful or unreasonable.

However, although the summary-judgment procedure is not literally applicable, the judgment under review will not be reversed inasmuch as it is otherwise correct. *Costello v. Polenska,* 242 Wis. 204, 7 N. W. (2d) 593, 8 N. W. (2d) 307.

*By the Court.*—Judgment affirmed.