JOINT DISTRICT NO. 1, VILLAGES OF WATERFORD AND ROCHESTER, TOWNS OF WATERFORD, DOVER, NORWAY AND ROCHESTER, RACINE COUNTY, Plaintiff-Appellant, v. JOINT DISTRICT NO. 1, TOWNS OF DOVER, NORWAY AND RAYMOND, RACINE COUNTY, and others, Defendants-Respondents.

Supreme Court

*No. 76–656. Argued May 1, 1979.—Decided May 30, 1979.*
(Also reported in 278 N.W.2d 876.)

For the appellant there were briefs by *Fulton, Lloyd, Konicek & Phenicie* of Burlington, and oral argument by *Milton Konicek.*

For the respondent there was a brief by *Brown, Black, Riegelman & Kreul* of Racine, and oral argument by *Harley Brown*.

SHIRLEY S. ABRAHAMSON, J. The issue before this court is the ownership of tax funds collected on behalf of a non-operating school district.

On August 12, 1969, Joint District No. 2, Town of Dover, (hereafter the Dover School District) became a non-operating school district when the larger district of which it had been a part was dissolved. On August 14, 1969, a petition was brought before the Agency School Committee of Cooperative Educational Service Agency No. 18, State of Wisconsin, to attach the Dover School District to the adjacent Waterford School District.[1] This petition was denied, and an appeal was taken to the State Appeal Board which approved the petition to attach on October 20, 1969. The Appeal Board's decision was appealed to the circuit court for Racine county, but this appeal was ultimately dismissed. Thus, pursuant to the Appeal Board's decision, the Dover School District was attached in its entirety to the Waterford School District effective January 5, 1970. Assets of Dover School District, including a school building, various school materials and a bank account, were transferred to the Waterford School District.

During the 1969–1970 school year, 14 of the 19 children in the Dover School District attended school in the contiguous North Cape School District[2] and 5 attended school in the Waterford School District.

---

[1] This district is the plaintiff-appellant and its full name is Joint District No. 1, Villages of Waterford and Rochester, Towns of Waterford, Dover, Norway and Rochester, Racine County.

[2] This district is the defendant-respondent and its full name is Joint District No. 1, Towns of Dover, Norway and Raymond, Racine County.

Non-operation of the schools apparently does not mean non-operation of the board,[3] and from August 12, 1969 to January 5, 1970, the board of the non-operating Dover School District met to discuss various matters. The Dover school board met on October 6, 1969, and authorized the clerk of the North Cape School District to levy a tax for school purposes on the property in the Dover School District. Apparently members of the Dover school board believed that the Dover School District would become part of the North Cape rather than the Waterford School District and that the tax money thus raised would inure to the North Cape School District to compensate it for its expenses in educating the children of the Dover School District in 1969–1970. On October 20, 1969, the North Cape clerk filed a tax levy report with the clerk of the Town of Dover certifying a tax to be assessed against the property in the geographical area of the non-operating Dover School District in the amount of $10,-763.67. The clerk of the Town of Dover collected the taxes in early 1970, and these tax moneys are the subject of this action.

The Waterford School District brought suit in April 1970 in the circuit court for Racine county against the Town of Dover, the clerk of the Town of Dover, the North Cape School District, et al. seeking a declaration of rights including a declaration that the $10,763.67, the moneys collected for school purposes and held by the clerk of the Town of Dover were payable to Waterford

---

[3] Sec. 66.03(5), Stats., provides, *inter alia*:

". . . When any municipality is dissolved by reason of all of its territory being so transferred the board or council thereof existing at the time of such dissolution shall for the purpose of this section, continue to exist as the governing body of such municipality until there has been an apportionment of assets by agreement of the interested municipalities or by an order of the circuit court."

The term "municipality" is defined in sec. 66.03(1), Stats. to include school district.

School District. The Town of Dover did not make a claim to the funds but refused to pay the moneys until the court determined the proper recipient. In 1971, upon stipulation of the parties in open court, the circuit court directed the Town of Dover to transfer the $10,763.67 to the North Cape School District, dismissed the Town of Dover and its clerk from the action with prejudice and without costs, and ordered that the Waterford and North Cape School Districts "as between themselves retain all rights, liabilities, and obligations with respect to the present action as existed prior to the aforesaid stipulation."

After a hearing in December 1975 the trial court declared the rights of the parties as follows: Although Dover School District had no authority to delegate its taxing function to the North Cape School District and the clerk of the North Cape District had no authority to certify the tax as he did, the tax moneys collected are assets of the Dover School District. These monies cannot pass to the Waterford School District by virtue of the attachment of the Dover School District in its entirety to the Waterford School District, because the moneys could be distributed only upon the action of an apportionment board convened pursuant to sec. 66.03, Stats. 1969, or by order of the court if the apportionment board cannot agree. The Waterford School District appeals from this judgment.

North Cape School District claims that it should keep the tax funds because it levied the tax; it has possession of the funds; and it has educated 14 Dover School children in its school system. The North Cape School District further asserts that the Waterford School District has no standing to bring the action or claim the relief requested, because only a taxpayer who paid the tax under protest, filed a claim and maintained an action may recover illegal taxes. Sec. 74.73, Stats. 1979. Waterford School District is not such a taxpayer, says North Cape.

To determine the rights to the funds on appeal, we must first determine to whom the tax moneys in question belonged when in 1969 they were levied and spread on the tax roll by the clerk of the Town of Dover.

At the outset we encounter the difficulty that the steps taken in the collection of these tax moneys appear to be irregular and not in compliance with the procedures set forth by the legislature for the raising of revenues by a school district.

North Cape School District asserts that the levy in question was made pursuant to sec. 120.12(3)(a), Stats. 1969, which provides as follows:

"The school board of a common or union high school district shall:

". . .

"(3) Tax for operation and maintenance. (a) On or before the 3rd Monday in October, determine the amount necessary to be raised to operate and maintain the schools of the school district if the annual meeting has not voted a tax sufficient for such purposes for the ensuing school term. The school district clerk shall certify the appropriate amount so determined to each appropriate municipal clerk who shall assess the amount certified to him and enter it on the tax rolls as other school district taxes are assessed and entered."

This section was not faithfully followed.

The decision to levy the tax was initially made by the Dover school board, the body made responsible by statute for the education of the children within the Dover School District. Because the Dover School District did not operate or maintain any schools in the school year 1969–1970, it is arguable that the Dover School District was not empowered by sec. 120.12(3)(a) to certify any amount to the clerk of the Town of Dover. Even if the Dover School District had been authorized to certify an amount of money necessary to be raised, it did not do so. In this instance, the clerk of the North Cape School District, not the clerk of the Dover School District, certified an

amount to the clerk of the Town of Dover. Yet sec. 120.12(3)(a) does not authorize the North Cape School District to certify an amount to the clerk of a municipality which is not within the North Cape School District.

We conclude that the Dover School District has the best legal claim to the tax funds. Although North Cape School District asserts in its brief that it levied the tax, it does not explain the legal basis for its levy. We think it more consistent with sec. 120.12(3)(a), Stats. 1969, to view the North Cape School District as the agent of the Dover School District in the levy of this tax. Waterford School District does not claim that in 1969–1970 it had the power to levy a tax, or that it actually did levy a tax, on the property within the Dover School District.[4] The Town of Dover does not claim any right to these moneys. These

---

[4] After the attachment of the Dover School District the Waterford School District levied a deficiency tax pursuant to sec. 120.12 (3)(b), Stats., on property owners within the Dover School District. This tax was challenged on the ground that the property owners already paid taxes for their children's education for 1969–1970.

Sec. 120.12(3)(b), Stats. 1969, provides:

"(b) If a tax sufficient to operate and maintain the schools of a school district for the ensuing school year has not been determined, certified and levied prior to the effective date of school district reorganization, except an attachment to a city school district, affecting any territory of the school district, the school board of the reorganized school district shall determine, on or before the 3rd Monday of October following the effective date of the reorganization, the amount of deficiency in operation and maintenance funds on the effective date of the reorganization which should have been paid by the property in the reorganized school district if such tax had been determined, certified and assessed prior to the effective date of the reorganization. The school district clerk shall certify the appropriate amount to each appropriate municipal clerk who shall assess, enter and collect such amount as a special tax on such property. This paragraph does not affect the apportionment of assets and liabilities under s. 66.03."

funds were not collected for and could not be devoted to town purposes; the money was collected on behalf of the Dover School District. Despite the irregularity of the procedure by which the tax was levied, we hold that upon the levy of the tax in the winter of 1969, the Dover School District acquired the legal right to the tax moneys that were collected on its behalf and for the education of its children in early 1970. *Cf. Conover v. Eagle River Joint U.F.H.S. District,* 211 Wis. 470, 248 N.W. 420 (1933); *Chalupnik v. Savall,* 219 Wis. 442, 263 N.W. 352 (1935).

We turn now to consider the effect upon the ownership of the tax moneys at issue of the attachment of Dover School District to Waterford School District in January 1970. Sec. 66.03(2c), Stats. 1969, which governs the transfer of the assets and liabilities of a school district whose territory is transferred to another school district, states:

"Sec. 66.03 (2c), School Districts. When territory is transferred in any manner provided by law from one school district to another school district, there shall be assigned to each school district involved such proportion of the assets and liabilities of the school districts involved as the equalized valuation of all taxable property in the territory transferred bears to the equalized valuation of all the taxable property of the school district from which said property is taken. . . ."

If we apply the formula set forth in sec. 66.03(2c), quoted above, the transfer of the entire territory of the Dover School District to the Waterford School District as the sole recipient district must result in the transfer of all the assets and liabilities of the Dover School District to the Waterford School District. Prior to this dispute about the taxes, the Dover School District did transfer all its assets aside from the disputed taxes to the Waterford School District.

Nonetheless, North Cape argues that the circuit court properly ruled that the tax money cannot be transferred until an apportionment board is convened pursuant to sec. 66.03, Stats. 1969, to determine the assets and liabilities and to assign them to the appropriate school district. Thus we must examine the function of the apportionment board in a school district transfer.

Section 66.03 (5), Stats. 1969, provides for the creation of an apportionment board:

"(5) APPORTIONMENT BOARD. The boards or councils of the municipalities, or committees, thereof selected for that purpose, acting together, shall constitute an apportionment board. When any municipality is dissolved by reason of all of its territory being so transferred the board or council thereof existing at the time of such dissolution shall for the purpose of this section, continue to exist as the governing body of such municipality until there has been an apportionment of assets by agreement of the interested municipalities or by an order of the circuit court. . . ."

Sec. 66.03 (7), Stats. 1969, requires the apportionment board to determine assets and liabilities of the school district and to assign them to the district to which the territory is transferred.

"(7) ADJUSTMENT, HOW MADE. The apportionment board shall determine, except in the case of public utilities, such assets and liabilities from the best information obtainable and shall assign to the municipality to which the territory is transferred its proper proportion thereof by assigning the excess of liabilities over assets, or by assigning any particular asset or liability to either municipality, or in such other manner as will best meet the requirements of the particular case. . . ."

If the apportionment board cannot reach a decision, the circuit court, on petition of either municipality, may make the adjustment of assets and liabilities. Sec. 66.03 (8), Stats. 1969, provides:

"(8) APPEAL TO COURT. In case the apportionment board is unable to agree, the circuit court of the county in which either municipality is situated, may, upon the petition of either municipality, make the adjustment of assets and liabilities pursuant to this section . . . ."

North Cape argues that the apportionment board must be convened because it has an indispensable function, namely to determine the amount the Waterford School District owes to the North Cape School District for the education of the 14 Dover children during 1969–1970. The Waterford School District acknowledges its debt to North Cape, but there is no agreement between the parties as to the amount of the liability or the procedure to determine it.

Sec. 66.03 requires the apportionment board to determine the liabilities, but, contrary to North Cape's contention, this determination is not made for the purpose of establishing the liability as between the district and the creditor but for the purpose of evaluating the liability "from the best information obtainable" to make an equitable apportionment of assets and liabilities between the receiving school districts acquiring part or all of an existing district. Creditors of a school district are not parties to the apportionment procedure. The apportionment board has no authority to settle disputes between a school district and its creditors who are not participants in the proceedings. The apportionment board transfers the liability of a school district, the amount of which the apportionment board has estimated as best it can.

In the case at bar where all assets and liabilities are assigned in their entirety to the Waterford School District, there is no apportionment of assets and liabilities, and consequently there is no need for an apportionment

board to engage in a determination of the district's liabilities. Whatever the liabilities may be, they are assigned in full to the Waterford School District.

North Cape nevertheless argues that the procedure set forth by the legislature in sec. 66.03 must be followed even though there is a transfer of all the territory of one school district to another and there are no assets or liabilities to be determined or divided.

It is difficult to quarrel with the contention that parties must comply with prescribed statutory procedures. We also recognize that the apportionment board may prove to be an efficient and desirable settlement procedure to help the parties reach an amicable agreement. Nonetheless our court has recognized that a party may seek judicial relief by a method other than that prescribed by statute where the statutory remedy is inadequate.[5]

In the case at bar we are unwilling to require that an apportionment board be convened before the Waterford School District can seek judicial relief. Convening the apportionment board in the instant case would be a costly and futile step. The trial court and the parties apparently believed that the apportionment board would be composed of the members of the Dover and Waterford school boards. Two of the three members of the Dover board are now dead, and it was suggested at oral argument that two new members might have to be appointed to the board for the non-operating district which has been defunct nine years. Because the statutory function of

---

[5] In discussing judicial review of administrative agency action, we have recognized that the general rule that the statutory method of review is exclusive is a matter of policy, convenience and discretion and not a matter of the jurisdiction of the court. *Nodell Inv. Corp. v. Greendale*, 78 Wis.2d 416, 424, 254 N.W.2d 310 (1977); *State ex rel. First Nat'l Bank of Wisconsin Rapids v. M & I Peoples Bank*, 82 Wis.2d 529, 263 N.W.2d 196 (1978).

the board is not primarily to determine the dollar amounts due specific creditors, but to estimate assets and liabilities as a necessary prerequisite to a fair apportionment, the decision of the apportionment board in this case is preordained, *i.e.*, that all assets and liabilities are transferred to the Waterford School District. This court should not, nine years after commencement of the action, force the Waterford School District to take the meaningless procedural step of convening an apportionment board.

It appears to us from the record and the oral argument that the real issue between the two districts is the amount of the Waterford School District's liability to North Cape School District arising from the latter's expenses in educating Dover children in 1969–1970. But neither the trial court nor this court has been asked by the parties to determine this amount nor could we do so upon the record before us. This case began in April 1970. Judgment was entered in the circuit court for Racine county on January 25, 1977. The appeal is now completed in mid-1979. Unfortunately, nine years of litigation may have failed to decide fully the controversy between the parties.

We conclude that the judgment should be modified (1) to eliminate the requirement that the apportionment board convene to determine the apportionment of the assets and liabilities of the Dover School District and (2) to provide that the Waterford School District is entitled to receive the tax money in issue held by the North Cape School District.

*By the Court.*—The judgment appealed from is modified in accordance with this opinion and, as so modified, is affirmed.