LEAGUE OF WOMEN VOTERS OF APPLETON, INC.; Save Downtown Committee, John Gilmour d/b/a Gilmour Brothers Musick Gallery, John C. Zimmerman d/b/a Conkey's Book Store, Franklin A. Hardt d/b/a Iron Rail, Inc., Bernard Pearlman d/b/a Barrett's, Michael P. Haley d/b/a Michael's Bookstore of Appleton, Howard L. Gilbertson d/b/a Hobby World, David N. Weiland d/b/a Wickman Furniture Co., William R. Scott d/b/a Mole Hole of Appleton, Ltd., Lawrence P. Hauser d/b/a Gabriel Furniture Co. and Pilgrim Shop, Ray Gevelinger d/b/a Gabriel Furniture Co. and Pilgrim Shop, John and Barbara Disher d/b/a Campbell Stores, Elizabeth L. Hoover d/b/a Peerless Launderers and Cleaners, Inc., John Conway d/b/a John Conway Hotel Co., Kathleen M. DeFurio d/b/a T-Shirt Emporium, Charles Pond d/b/a Pond Sport Shop, Inc., Paul Guyette and Mary Guyette d/b/a Guyette's Ltd., James O. Hauert d/b/a Hauert's Pet and Garden Store; Mylan Sinclair d/b/a Appleton Pharmacy, Robert A. Hickinbotham d/b/a Fox Valley Radio & TV, Plaintiffs-Appellants-Petitioners,

v.

OUTAGAMIE COUNTY; Outagamie County Board Agriculture, Extension, Education & Zoning Committee Jack Wignall, Carl Janke, Gerald P. Kavanaugh, and

Francis J. Coonen, in their capacity as committee members, and Frank M. Charlesworth, in his capacity as Outagamie County Zoning Administrator, and General Growth Development Corporation, a foreign corporation, Defendants-Respondents.

Supreme Court

*No. 81–1079. Argued June 2, 1983.—Decided July 1, 1983.*

(Also reported in 334 N.W.2d 887.)

For the petitioners there were briefs by *Donald R. Zuidmulder* and *Cohen, Grant, Zuidmulder, Gazeley and*

*Appel, Ltd.,* Green Bay, and oral argument by *Donald R. Zuidmulder.*

For the respondent General Growth Development Corporation, there was a brief by *Charles Q. Kamps, Stuart Parsons, James H. Baxter, III,* and *Quarles & Brady,* Milwaukee, and *James R. Long,* Appleton, and oral argument by *Mr. Baxter.*

HEFFERNAN, J. This is a review of an unpublished court of appeals decision dated June 22, 1982, affirming an August 6, 1981, order of the circuit court for Outagamie county, Judge Urban P. Van Susteren, which dismissed the plaintiffs' complaint.

On this review two issues are presented: The first is whether the court of appeals was correct in holding that the complaint was properly dismissed because the plaintiffs failed to exhaust their administrative remedies and to pursue judicial review by statutory certiorari. We conclude that the court of appeals was incorrect. The second issue is whether the plaintiffs were entitled to invoke the provisions of ch. 68, Stats., to require Outagamie county to afford them a contested case hearing on the question of whether certain conditional use permits would be granted. We conclude that the plaintiffs had no right to invoke the provisions of ch. 68, and, therefore, affirm the dismissal of their complaint.

This controversy arises out of plans by defendant General Growth Development Corporation to construct a shopping mall in the town of Grand Chute, Outagamie county, about two miles from the city of Appleton. Two navigable streams cross the site of the proposed mall. Pursuant to Chapter 16 of the Outagamie County Ordinances, the "Outagamie County Shoreland Protection Ordinance" (Shoreland Ordinance), General Growth ap-

plied for six conditional use permits.[1] These permits were required for General Growth to relocate the two

[1] The Shoreland Ordinance includes the following provisions:

"16.65 *CONDITIONAL USE PERMIT*. The Zoning Committee may authorize the Building Inspector to issue a conditional use permit for conditional uses after review and a public hearing as specified under Powers and Duties, Section XVI of the amended County Zoning Ordinance of 1964, provided that such conditional uses and structures are:

"(1) In accordance with the provisions of this subchapter.

"(2) In accordance with the purpose and intent of this chapter and,

"(3) Are found to be not hazardous, harmful, offensive or otherwise adverse to the environment or the value of the adjacent uses or the public interest."

"16.85 *CONDITIONAL USE PERMIT*. (1) Application for a Conditional Use Permit shall be submitted in quadruplet to the Building Inspector. The application shall include the information required for a zoning permit and a site plan. Additional information may be required by the Zoning Committee.

"(2) The Zoning Committee shall review the application and any additional information or conduct an on-site investigation if required to make a just determination of the suitability of the proposed use and it shall hold a public hearing as specified under Article XVI of the Amended County Zoning Ordinance of 1964.

"(3) In passing on a conditional use permit the Zoning Committee shall evaluate:

"(a) Pollution hazards resulting from waste disposal or erosion.

"(b) The location of the site with respect to navigable waters, floodplains and floodways.

"(c) The existing topography and drainage features.

"(d) The location of the site with respect to existing or future roads of access.

"(e) The compatibility with adjacent land and water uses including wildlife habitat.

"(4) Upon consideration of the factors listed in (3) above, the Zoning Committee may attach such conditions in addition to those required under secs. 16.65–16.72 that it deems necessary in furthering the purpose and intent of this chapter. Violation of any of these conditions shall be deemed a violation of this chapter."

streams, construct two bridges, construct a storm-water detention basin, and perform grading on the banks of both streams, all in preparation for constructing the shopping mall.

The decision whether to issue conditional use permits is made by defendant zoning committee, a committee of the Outagamie County Board, after a public hearing. Sec. 16.65, Outagamie Co. Ord. The hearing on General Growth's application was scheduled for March 24 and 25, 1981. The plaintiffs, who oppose construction of the mall, requested, in a letter, that the public hearing on General Growth's application be conducted as a contested case hearing, with testimony under oath, the right to cross-examine witnesses, and full discovery rights. Outagamie county responded that there could be no contested case hearing because the zoning committee would be performing a legislative function.

The League of Women Voters of Appleton, Inc., the Save Downtown Committee, Inc., and nineteen named individuals with business interests in downtown Appleton commenced this action on March 17, 1981. They requested a declaratory judgment holding that ch. 68, Stats., required a contested case hearing to be held during the administrative process of deciding whether to grant conditional use permits under the Shoreland Or-

---

"16.10 *SITE RESTRICTIONS.* (1) GENERALLY. No land shall be used or structure erected which requires a conditional use permit under this chapter where the land is held unsuitable for such use or structure by the Zoning Committee by reason of flooding, concentrated runoff, inadequate drainage, adverse soil conditions or rock formations, unfavorable topography, low percolation rate, or bearing strength, erosion susceptibility, or any other feature likely to be harmful to the health, safety, prosperity, aesthetics and the general welfare of the County. The Zoning Committee in applying the provisions of this section shall, in writing, state the particular facts upon which it bases its conclusions that the land is not suitable."

dinance. They also requested an injunction prohibiting the zoning committee from proceeding pending a decision in this case.

On March 23, 1981, a hearing was held, before Judge Van Susteren, on plaintiffs' motion for a temporary restraining order to delay the zoning committee hearing. The attorney for Outagamie county, and its related defendants, took the position that ch. 68, Stats., did not apply and that the plaintiffs' only recourse, if the conditional use permits were granted, was to circuit court. The trial court correctly pointed out that, if ch. 68 applied, the contested case procedures could properly be granted at either the hearing before the zoning committee or at a later hearing on administrative appeal. Secs. 68.10 and 68.11.[2] The court denied the temporary re-

---

[2] The governmental body apparently has the option of determining whether the contested case procedure will be provided at the initial determination or on appeal.

"68.10 Administrative appeal. (1) FROM INITIAL DETERMINATION OR DECISION ON REVIEW. (a) If the person aggrieved did not have a hearing substantially in compliance with s. 68.11 when the initial determination was made, the person may appeal under this section . . . ."

"68.11 Hearing on administrative appeal. (1) TIME OF HEARING. The municipality shall provide the appellant a hearing on an appeal under s. 68.10 within 15 days of receipt of the notice of appeal filed or mailed under s. 68.10 and shall serve the appellant with notice of such hearing by mail or personal service at least 10 days before such hearing.

"(2) CONDUCT OF HEARING. At the hearing, the appellant and the municipal authority may be represented by counsel and may present evidence and call and examine witnesses and cross-examine witnesses of the other party. Such witnesses shall be sworn by the person conducting the hearing. The municipality shall provide an impartial decision maker, who may be an officer, committee, board, commission or the governing body who did not participate in making or reviewing the initial determination, who shall make the decision on administrative appeal. The decision maker may issue subpoenas. The hearing may, however, be conducted by an im-

straining order and stated that the zoning committee could proceed with its planned informal hearing. If the zoning committee denied General Growth's applications, the plaintiffs would have no reason to pursue their complaint. The court directed that, if the zoning committee granted the permits, the plaintiffs should return to court for a determination whether ch. 68 required that they then be given the right to an administrative appeal with contested case procedure.

The zoning committee held an informal public hearing on March 24 and 25, 1981. The zoning committee approved the issuance of the conditional use permits at a public meeting in April 1981.

Another hearing was held before Judge Van Susteren on May 12, 1981. The parties produced testimony concerning the nature of the zoning committee hearing and decision. The trial court made the transcripts of the March 24 and 25 zoning committee hearings part of the record in this case.

Judge Van Susteren ultimately concluded that the plaintiffs were not entitled to a contested case hearing under ch. 68, Stats, and an order was entered dismissing the complaint. Plaintiffs appealed from this order.[3]

The court of appeals, *sua sponte,* raised the issue of exhaustion of administrative remedies. It affirmed the trial court's dismissal on the ground that plaintiffs had failed to exhaust their administrative remedies. This court granted the plaintiffs' petition for review.

The court of appeals held that the plaintiffs had a

partial person, committee, board or commission designated to conduct the hearing and report to the decision maker."

[3] Because of the analysis we apply, it is unnecessary for us to consider Judge Van Susteren's rationale. Judge Van Susteren reasoned that the plaintiffs had no right to a contested case hearing because their 14th amendment rights were not affected by the Zoning Committee's decision.

right to appeal the zoning committee's decision to the County Board of Adjustment pursuant to sec. 59.99, Stats., and sec. 16.10(1) and (3) of the Shoreland Ordinance and had failed to do so.

The general rule is that judicial relief will be denied until the parties have exhausted their administrative remedies. *Nodell Inv. Corp. v. Glendale*, 78 Wis. 2d 416, 424, 254 N.W.2d 310 (1977).

"The rule of exhaustion of administrative remedies is a doctrine of judicial restraint which the legislature and the courts have evolved in drawing the boundary line between administrative and judicial spheres of activity." *Id.*

Exhaustion is not always required. Numerous exceptions to the exhaustion rule have been identified, including when only a question of law is involved in which the agency has no expertise and when recourse to the agency would be futile. 78 Wis. 2d at 425 n. 12.

We do not decide whether the plaintiffs were entitled to an appeal to the board of adjustment. However, assuming that the plaintiffs had a right to appeal to the board of adjustment, such an appeal would have been futile. The attorney for the county and the board of adjustment had made very clear, on the record of this case, his clients' position that no appeal to the board of adjustment would be entertained.[4] In addition, this case only involves a question of law, about which the agency has no expertise. This is not a case where the plaintiffs prematurely attempted to get a court's decision on the merits of the administrative decision to grant the condi-

---

[4] That appeal to the board of adjustment would have been futile is further demonstrated by the board's action when two individuals attempted to appeal the zoning committee's decision. The parties agree that the board refused to consider the appeal.

tional use permits. Nor is this a case where the plaintiffs allowed the time limits for requesting administrative appeal to run prior to commencing their action. The governmental bodies involved cannot complain about an alleged failure to exhaust because they had indicated, to the court as well as plaintiffs, that the plaintiffs had no right to an administrative appeal. In fact, none of the defendants raised the issue until the court of appeals considered it *sua sponte*. We conclude that this was not an appropriate case in which to apply the doctrine of exhaustion of administrative remedies, if the plaintiffs indeed had any further administrative remedies.

The court of appeals also held that the plaintiffs were required to seek review of the administrative decision by certiorari.

Where a specified method of review of administrative action is provided, that method ordinarily must be followed. *Sewerage Commission of Milwaukee v. DNR*, 102 Wis. 2d 613, 631, 307 N.W.2d 189 (1981). However, "the general rule that the statutory method of review is exclusive is a matter of policy, convenience and discretion and not a matter of the jurisdiction of the court." *Joint Dist. No. 1 v. Joint Dist. No. 1*, 89 Wis. 2d 598, 608 n. 5, 278 N.W.2d 876 (1979); *State ex rel. 1st Nat. Bank v. M & I Peoples Bank*, 82 Wis. 2d 529, 542, 263 N.W.2d 196 (1978).

Here, the trial court essentially converted the declaratory judgment action into a review by certiorari and treated it as such. It refused to delay the zoning committee hearing. The court instructed the plaintiffs to resume the action after the zoning committee hearing and decision. The trial court was aware that the zoning committee's decision would be the only administrative procedure granted plaintiffs unless the court ordered a contested case hearing on administrative review. The trial court also made the transcript of the zoning committee hearing part of the record in this action.

The trial judge had to decide whether ch. 68, Stats., applied and, if so, whether the county, and its related defendants, had complied with the requirements of that chapter. These would be the precise issues which would be raised on a proceeding formally denominated as certiorari. Because the trial judge took these actions, it would be exalting form over substance to say that the plaintiffs were required to commence a new action formally denominated as "by certiorari." The plaintiffs' complaint was not barred by failure to appeal to the Board of Adjustment or failure to seek judicial review by certiorari.

Thus, there is jurisdiction, and it becomes necessary to determine whether the plaintiffs were entitled to a contested case hearing on administrative appeal (the initial hearing was not conducted as a contested case) under ch 68, Stats. There are two provisions of ch. 68 which are important to the decision in this case. The first is that only "persons aggrieved" are entitled to an administrative appeal under ch. 68. Sec. 68.10 (1) (a). The second important provision is that initial administrative determinations which are subject to administrative or judicial review procedures under other statutes are *not* reviewable under ch. 68. Sec. 68.03 (2).[5] Thus,

[5] "68.03 **Determinations not subject to review.** Except as provided in s. 68.02, the following determinations are not reviewable under this chapter:

"(1) A legislative enactment. A legislative enactment is an ordinance, resolution or adopted motion of the governing body of a municipality.

"(2) Any action subject to administrative or judicial review procedures under other statutes.

"(3) The denial of a tort or contract claim for money, required to be filed with the municipality pursuant to statutory procedures for the filing of such claims.

"(4) The suspension, removal or disciplining or non-renewal of a contract of a municipal employe or officer.

persons are not entitled to invoke the review procedure (which includes the contested case requirement) of ch. 68 if they either are entitled to review under another statute or if they are not aggrieved by the administrative determination at issue.

The Outagamie County Shoreland Ordinance was adopted pursuant to sec. 59.971, Stats.[6] The statute provides that:

"[A]ppeals regarding shorelands within a county are for the board of adjustment for that county under s. 59.99, and the procedures of that section apply." Sec. 59.971 (4) (b), Stats.

Section 59.99 (4), Stats., provides that:

"[A]ppeals to the board of adjustment may be taken by any person aggrieved . . . by any decision of the building inspector or other administrative officer."

The powers of the board of adjustment include the power:

"[T]o hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by an administrative official in the enforce-

"(5) The grant, denial, suspension or revocation of an alcohol beverage license under s. 125.12(1).

"(6) Judgments and orders of a court.

"(7) Determinations made during municipal labor negotiations.

"(8) Any action which is subject to administrative review procedures under an ordinance providing such procedures as defined in s. 68.16.

"(9) Notwithstanding any other provision of this chapter, any action or determination of a municipal authority which does not involve the constitutionally protected right of a specific person or persons to due process in connection with the action or determination."

[6] "Sec. 59.971(1m) To effect the purposes of s. 144.26 and to promote the public health, safety and general welfare, each county shall zone by ordinance all shorelands in its unincorporated area. This ordinance may be enacted separately from ordinances enacted under s. 59.97."

ment of s. 59.97 or of any ordinance adopted pursuant thereto." Sec. 59.99 (7) (a), Stats.

The board of adjustment may reverse or affirm, or may modify the order, requirement, decision, or determination appealed from, "and to that end shall have all the powers of the officer from whom the appeal is taken." Sec. 59.99 (8), Stats.

Thus, persons aggrieved by orders, requirements, decisions, or determinations of an administrative official in the enforcement of shoreland zoning ordinances may appeal to the county board of adjustment.

The plaintiffs concede that the zoning committee may be an "administrative official" in some situations. *See, Brandt v. Pewaukee Town Board,* 15 Wis. 2d 6, 9, 112 N.W.2d 157 (1961) (the town board acted as an administrative officer when it decided not to grant a permit for a nonconforming use). However, plaintiffs argue that they had no right to appeal to the board of adjustment because the zoning committee's action did not involve the enforcement of the Shoreland Ordinance.

We conclude that the zoning committee's decision on an application for conditional use permits is a decision in the enforcement of the Shoreland Ordinance within the meaning of sec. 59.99 (7) (a), Stats. The term, "enforcement," should be broadly construed to avoid conflict with the language in sec. 59.99 (4), to the effect that a person aggrieved has a right to an appeal to the Board from *any* decision of the administrative officer.

To enforce means "to give force to," to "cause to take effect," or to "give effect to . . . ." Webster's *Third New International Dictionary* (1965). In deciding whether to grant a conditional use permit, the zoning committee must determine whether the proposed use meets certain specific requirements of the statute and whether it is in accordance with the purpose and intent

of the Shoreland Ordinance. Sec. 16.65, Outagamie Co. Ord. The committee gives effect to the Shoreland Ordinance by permitting conditional uses only when they comply with the ordinance. The zoning committee also enforces the ordinance by attaching conditions to the permits it grants to ensure compliance with the purpose and intent of the ordinance. Sec. 16.85(4), Outagamie Co. Ord.

This court has held that a property owner had a right to appeal to the zoning board of appeals from the village planning commission's refusal to grant a permit to fill certain swamplands. *Master Disposal v. Vil. of Menomonee Falls,* 60 Wis 2d 653, 211 N.W.2d 477 (1973). The right to appeal in that case was granted by sec. 62.23 (7) (e), Stats., which is identical in relevant language to sec. 59.99(7) (a). In *Nodell Inv. Corp. v. Glendale,* 78 Wis. 2d 416, 254 N.W.2d 310 (1977), two property owners sought to challenge conditions the city plan commission attached to building permits. The court determined that the property owners had a right to appeal to the board of appeals under sec. 62.23(7) (e)7. The court concluded that the plan commission's decision to approve the building permits, with conditions, was a decision in the enforcement of the local zoning ordinance.

The plaintiffs appear to argue that the zoning committee's decision was not an enforcement decision because the committee *approved* the issuance of the permits. This position is contrary to *Nodell.* It is also inconsistent with the power granted to the board of adjustment, by sec. 59.99(8), Stats., to modify decisions and determinations, which generally would be relevant only when the administrative officer or body below had approved a property owner's request. We cannot conclude that the legislature, in enacting secs. 59.971(4) (b) and 59.99(4) and (7), intended to permit appeals to the

board of adjustment only when conditional use permits, or other actions sought by the landowner, were denied. Rather, the administrative appeal mechanism was intended to resolve the complaints of those aggrieved by decisions in respect to the administration of shoreland and other zoning ordinances. *See, Nodell,* 78 Wis. 2d at 420. An aggrieved person has a right, under the statutes, to appeal to the board of adjustment from the zoning committee's decision to grant conditional use permits.

If the plaintiffs were aggrieved by the action of the zoning committee, they had a right to an administrative appeal under secs. 59.971 (4) (b) and 59.99, Stats. In that case, they were not entitled to administrative appeal under ch. 68. Sec. 68.03 (2). If the plaintiffs were not aggrieved, they were not entitled to review under sec. 59.99, or ch. 68. Sec. 68.10 (1) (a). In either case, they were not entitled to invoke the contested case procedures provided by sec. 68.11.

It is not necessary for us to determine whether plaintiffs were aggrieved persons entitled to an appeal to the board of adjustment. In this action, the plaintiffs did not contest the county's position that they had no right to appeal to the board of adjustment. The only issue before us is whether plaintiffs have a right to a contested case hearing under ch. 68. They have no such right.

Accordingly, we affirm the decision of the court of appeals, which dismissed the complaint, but upon grounds different from those stated in its opinion.

*By the Court.*—Decision affirmed.