Tracy and Damian Osterhues, Art and Ellen Jacobs, and Andrew and Luella Peterson, Plaintiffs-Respondents-Cross-Appellants,†

v.

Board of Adjustment for Washburn County, Defendant-Co-Appellant,

Washburn County, Defendant-Appellant.

Court of Appeals

*No. 03–2194. Submitted on briefs March 22, 2004.—Decided April 27, 2004.*

2004 WI App 101

(Also reported in 680 N.W.2d 823.)

†Petition for Review granted 8-2-04.

 

On behalf of the defendant-appellant, the cause was submitted on the briefs of *R. Michael Waterman* of *Mudge, Porter, Lundeen & Seguin, S.C.* of Hudson.

On behalf of the defendant-co-appellant, the cause was submitted on the briefs of *William G. Thiel* of *Weld, Riley, Prenn & Ricci, S.C.* of Eau Claire.

On behalf of the plaintiffs-respondents-cross-appellants, the cause was submitted on the brief of *Joseph R. Cincotta* of *Schweitzer & Cincotta LLP* of Milwaukee.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J. The sole issue on appeal is whether, under WIS. STAT. § 59.694,[1] the Washburn County Board of Adjustment must conduct a de novo hearing when it takes an appeal of the county zoning committee's action. The trial court concluded that it must and remanded the case to the board for further proceedings. Because it concluded that was the dispositive issue, it dismissed the plaintiffs' additional claims without prejudice. We conclude that the statute does not require a de novo hearing and reverse the judgment. The cross-appeal requests that, if we reverse the trial court, we reverse the order dismissing the other claims and remand so the trial court may hear the

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

issues it did not reach. The County and the board do not object. Therefore, the cause is remanded with directions to reinstate and proceed with the dismissed claims.

## Background

¶ 2. In 2001, Washburn County applied to the zoning committee for a conditional use permit to open a gravel pit. At the public hearing in July, individuals who owned property near the proposed site, Tracy and Damian Osterhues, Art and Ellen Jacobs, and Luella Peterson (collectively, Osterhues), appeared to voice opposition to the permit. The committee, however, granted the County's application. At the August committee hearing, Art Jacobs requested the committee to reconsider its grant of the application. The committee agreed to take the matter up at the September meeting and did so, but did not revoke the permit.

¶ 3. In November, Osterhues appealed to the board of adjustment, which held a hearing on the appeal in January 2002. The board's counsel stated that the board first needed to find error by the committee before it could reverse the permit. Tracy Osterhues argued to the board that it could conduct a de novo review, including taking new testimony from witnesses. The board concluded that its job was only to correct errors and, because the committee had made none, it could not reverse the permit.

¶ 4. Osterhues filed a petition for certiorari with the circuit court, alleging six claims for relief, including that the board had proceeded on the wrong theory of law. The court concluded that the board could conduct a de novo hearing and therefore its determination that it could only correct errors was made on an incorrect

view of the law. The court reversed the board's determination on that ground, remanding the case and entering judgment accordingly. The court also entered an order dismissing the six other claims as moot. The County and the board appeal the judgment, arguing the board may not hold a de novo hearing on appeal of the committee's determination. Osterhues cross-appeals the order dismissing the additional claims.

## Discussion

¶ 5. On certiorari review of a board of adjustment's decision, the circuit court is limited to considering: (1) whether the board kept within its jurisdiction; (2) whether the board proceeded on the correct theory of law; (3) whether the board's action as arbitrary, oppressive, or unreasonable and represented its will, not its judgment; and (4) whether the evidence was such that the board might reasonably make the decision in question. *See Miswald v. Waukesha Co. Bd. of Adj.*, 202 Wis. 2d 401, 410–11, 550 N.W.2d 434 (Ct. App. 1996). On appeal, we consider these factors as well. *Id.* at 411. Thus, our review of the circuit court is de novo. *Id.* at 408. Additionally, a reviewing court must afford a presumption of validity to the board's decision, and the individuals challenging the board's decision bear the burden of overcoming the presumption. *See id.* at 411.

¶ 6. Here, the trial court determined that the only element in question was whether the board proceeded on the correct theory of law based on WIS. STAT. § 59.694's allocation of powers to the board. Interpretation of a statute is a question of law that we review de

novo. *Hutson v. Personnel Comm'n*, 2003 WI 97, ¶ 31, 263 Wis. 2d 612, 665 N.W.2d 212.

¶ 7. WISCONSIN STAT. § 59.694 states in relevant part:

> (7) POWERS OF BOARD. The board of adjustment shall have all of the following powers:
>
> (a) To hear and decide appeals where it is alleged there is error in an order, requirement, decision or determination made by an administrative official in the enforcement of s. 59.69 or of any ordinance enacted pursuant thereto.
>
> . . . .
>
> (8) ORDER ON APPEAL. In exercising the powers under this section, the board of adjustment may, in conformity with the provisions of this section, reverse or affirm, wholly or partly, or may modify the order, requirement, decision or determination appealed from, and may make the order, requirement, decision or determination as ought to be made, and to that end shall have all the powers of the officer from whom the appeal is taken.

¶ 8. The board interpreted these subsections to mean:

> The function of the Board of Adjustment when sitting on an appeal of a [zoning committee] decision such as this is . . . to correct any error in the decision on appeal. It is not to re-decide the matter or substitute its thoughts or opinions for those of the committee or administrator who issued the decision brought up on appeal.

¶ 9. The trial court disagreed, concluding that there was ambiguity, inconsistency, or contradiction between WIS. STAT. § 59.694(7)(a) and (8) that "should be resolved in favor of an expansive interpretation of

the enforcement agency's scope of review . . . ." Therefore, "Pursuant to the plain language of (8) the BOA has the same 'power' as the Zoning Committee." Based on its interpretation of § 59.694(8), the court concluded the board had proceeded "on an incorrect theory of law."

¶ 10. We disagree. "The term 'appeal' is frequently used generically to cover any form of appellate review." *Village of Williams Bay v. Metzl*, 124 Wis. 2d 356, 360, 369 N.W.2d 186 (Ct. App. 1985). The use of the word "appeals" is generally not considered to entitle an appellant to a trial de novo. *Kuehnel v. Wisconsin Regis. Bd. of Architects*, 243 Wis. 188, 193, 9 N.W.2d 630 (1943). The right to a trial de novo is limited to special situations, particularly those where statutory provisions specifically provide for de novo review on appeal. *See id.*; *Metzl*, 124 Wis. 2d at 360.[2]

¶ 11. Here, Osterhues concedes that WIS. STAT. § 59.694(7)(a) and (8) "do not speak in terms of the qualitative nature of the scope of review of the [Board]."[3] That is, there is no explicit grant of authority

_____

[2] While both *Kuehnel v. Wisconsin Regis. Bd. of Architects*, 243 Wis. 188, 9 N.W.2d 630 (1943), and *Village of Williams Bay v. Metzl*, 124 Wis. 2d 356, 369 N.W.2d 186 (Ct. App. 1985), deal with whether on certiorari appeal to the trial court the trial should be de novo, we find the cases persuasive for this situation as well. In those cases, as well as here, the question is what rights are conveyed by use of the word "appeals" in a statute providing review procedures.

[3] Still, Osterhues argues that "While there is a sense running through Appellants' Briefs that the Courts should be wary of sanctioning what is in effect[] multiple levels of so-called *de novo* review," these multiple levels already exist. Osterhues directs our attention to WIS. STAT. §§ 227.42(1)(a) and 799.207(2)(b). The first allows a contested case hearing in an

724

to review the zoning decision de novo. Thus, the question is whether § 59.694 works in some other way to convey that power. It does not.

¶ 12. WISCONSIN STAT. § 59.694(7)(a) mandates the board's power to "hear and decide" appeals where error is alleged. This power is meaningless without the corresponding authority to fashion a remedy, which is the purpose of § 59.694(8). "In exercising the powers under" § 59.694—that *is, powers already specified in other subsections*—subsection (8) gives the board the same powers of the zoning committee "to that end" of *making an order* reversing, affirming, or modifying the committee's decision, not to the end of the actual hearing on or decision of the appeal. Effectively, § 59.694(8) allows the board to create a remedy and avoid remand by making a decision the committee would have the authority to make if the board first determines there is an error to be corrected. It does not convey to the board the authority to conduct a de novo review.

¶ 13. Nonetheless, Osterhues relies on *League of Women Voters v. Outagamie County*, 113 Wis. 2d 313, 334 N.W.2d 887 (1983), to argue the supreme court has implied a right to a de novo hearing under WIS. STAT. § 59.694(8). However, in *League of Women Voters*, the only question was whether the appellants, challenging a conditional use permit, were entitled to a contested case review under WIS. STAT. ch. 68. *Id.* at 326. The supreme court determined they were not. Osterhues

administrative agency action and the second allows a de novo trial of a court commissioner's small claims decision. However, Osterhues' argument underscores the meaning of *Kuehnel* and *Metzl*: Both statutes cited represent that "special situation" where the legislature has explicitly granted the authority for de novo review.

contends the court's reasoning is: "you do not get a contested case under the catchall provisions of Ch. 68 because you have a right to the equivalent under § 59.694(8)" and the § 59.694(8) "equivalent" is de novo review. This is not an accurate interpretation.

¶ 14. The supreme court noted one of the jurisdictional requirements for review under WIS. STAT. ch. 68: Administrative determinations subject to review under other statutes are *not* reviewable under chapter 68. *League of Women Voters*, 113 Wis. 2d at 322. The court noted that, assuming the appellants were aggrieved persons with standing, the right to appeal the grant of a conditional use permit came from WIS. STAT. § 59.99 (now WIS. STAT. § 59.964), not chapter 68. *Id.* at 326. In other words, the court concluded that *some* adequate remedy was available under § 59.694 because the case was a zoning matter. The court did not conclude that the *same* remedy was available. *League of Women Voters* stands solely for the proposition that chapter 68 review is not appropriate for reviewing a conditional use permit because § 59.694 provides the correct procedure. It does not say that the correct procedure is a de novo hearing by the board.

¶ 15. Beyond the allegation that the board was supposed to conduct a de novo hearing, Osterhues alleged six other claims for relief. These claims were rendered moot by the trial court's determination that the board proceeded on incorrect law and were ordered dismissed without prejudice. Osterhues cross-appeals the order in the event we would reverse the trial court. The board does not challenge the cross-appeal and the County does not address it.

¶ 16. The judgment is reversed. The board proceeded on the correct theory of law. The order is reversed, and the cause is remanded with directions to reinstate and proceed with hearing the remaining six claims for relief.

*By the Court.*—Judgment and order reversed and cause remanded with directions.