IN the MATTER OF ATTORNEY'S FEES IN RE the MARRIAGE OF Maren RAHKONEN and David L. Rahkonen: J.M. DAVIS, Appellant,

V.

David L. RAHKONEN, Respondent.†

Court of Appeals

*No. 82–1089. Submitted on briefs January 4, 1983.—Decided March 25, 1983.*
(Also reported in 332 N.W.2d 855.)

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

For the appellant the cause was submitted on the brief of *J.M. Davis* of *Phillips & Davis* of Waukesha. *Steven J. Steinhoff* of counsel.

For the respondent the cause was submitted on the brief of *Frank W. Bastian* of *Lichtsinn, Haensel, Bastian, & Erchul, S.C.* of Milwaukee.

Before Voss, P.J., Brown and Scott, JJ.

SCOTT, J.    Attorney J.M. Davis appeals from that part of a divorce petition dismissal that denied him an award of attorney fees. The issue is whether the death of a party to a pending divorce action deprives the circuit court of jurisdiction to award a judgment for attorney fees pursuant to sec. 767.23(3), Stats. Because we conclude that an award of attorney fees is in accord with the legislative intent of sec. 767.23(3), we reverse.

On June 9, 1980, Maren Rahkonen petitioned for a divorce from David Rahkonen. Attorney J.M. Davis prepared Mrs. Rahkonen's petition and subsequently represented her at four hearings concerning temporary child support. Davis also prepared all of the documents necessary for a pretrial hearing on the divorce. On November 24, 1981, while the divorce was still pending, Mrs. Rahkonen died.

Davis moved the trial court to dismiss Mrs. Rahkonen's divorce petition and to award him attorney fees of $1,576.50. The trial court dismissed the divorce action. In addition, it found that the probate court had granted Mr. Rahkonen a summary settlement of Mrs. Rahkonen's estate. The court further found that the fees Davis requested were reasonable and that it would be inequitable to permit Davis' right as a creditor of Mrs. Rahkonen to be cut off by summary settlement of her

estate. Accordingly, the court granted Davis a judgment of $1,576.50 against Mr. Rahkonen. On reconsideration, the court set aside Davis' judgment for attorney fees. It is from the amended judgment that Davis appeals.

Under sec. 767.01(1), Stats., circuit courts have jurisdiction of "all actions affecting the family and have authority to do all acts and things necessary and proper in such actions . . . ." Section 767.23(3), Stats., provides in part:

Upon making any order for dismissal of an action affecting the family . . . , the court shall prior to or in its order render and grant separate judgment in favor of any attorney who has appeared for a party to the action . . . for the amount of fees and disbursements to which the attorney . . . is, in the court's judgment, entitled and against the party responsible therefor.

Section 767.262, Stats., authorizes the court to order

either party to pay a reasonable amount for the cost to the other party of maintaining or responding to an action affecting the family and for attorney's fees to either party, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment.

The parties agree that under the common law when one party to a divorce proceeding dies during the pendency of the action, the cause of action abates, and the court is without jurisdiction to award attorney fees. *See, e.g., Hogsett v. Hogsett,* 409 S.W.2d 232, 237–38 (Mo. Ct. App. 1966). The question before us is whether the legislature intended to contravene the common law when it provided that "upon making *any order* for dismissal," the trial court "shall" grant judgment for reasonable services to any attorney who has appeared for a party to the action. Sec. 767.23(3), Stats. (Emphasis added.) We conclude that the legislature did intend to authorize an award of fees in the instant circumstances.

In construing a statute, the primary source is the language of the statute itself. *County of Milwaukee v. Proegler*, 95 Wis. 2d 614, 625, 291 N.W.2d 608, 613 (Ct. App. 1980). In determining the meaning of any single word, it is necessary to examine the word in the light of the entire statute. *Id.* A statute in derogation of the common law must be strictly construed so as to have minimal effect on the common law rule. *Waukesha County v. Johnson*, 107 Wis.2d 155, 162, 320 N.W.2d 1, 4 (Ct. App. 1982). The strict construction rule applies, however, only where the statute in question is ambiguous on its face. *Id.* at 162–63, 320 N.W.2d at 4.

Section 767.23(3), Stats., provides that "[u]pon making any order for dismissal," the trial court "shall" order appropriate attorney fees. On its face, the word "any" is unambiguously all-inclusive. According to *Webster's Third New International Dictionary*, "any" means "every" and may be used "to indicate [something] that is selected without restriction." *Webster's Third New International Dictionary* 97 (1976).

In our view, the general purpose behind the provisions in ch. 767, Stats., that empower the family court to make either party responsible for the reasonable attorney fees of the other is to encourage adequate representation for a party who has scant independent resources. The statutory scheme gives broad protection to an attorney who renders services for an impecunious spouse. The attorney may ask the court to order fees from the other spouse for work done before the commencement of the action and after final judgment, as well as for work done during the pendency of the proceeding. Sec. 767.262, Stats. Further, the attorney may receive payment during the action or afterwards. Secs. 767.23(1)(d) and 767.-262, Stats.

We conclude that in the context of provisions designed to protect counsel who render services for a disadvantaged party to an action affecting the family, the phrase "any order for dismissal" does include every dismissal, regardless of the reason for the order. It would be illogical to protect legal services rendered to an impoverished spouse but not to protect services given to a spouse who is ill or one who becomes the victim of an accident.

*By the Court.*—Judgment reversed.