VILLAGE OF WILLIAMS BAY, Plaintiff-Respondent,

v.

Joseph A. METZL, Defendant-Appellant.

Court of Appeals

*No. 84–1464. Submitted on briefs March 28, 1985.—*
*Decided April 24, 1985.*
(Also reported in 369 N.W.2d 186.)

For the defendant-appellant, the cause was submitted on the briefs of *Duncan C. Delhey,* of *Law Offices of Richard W. Torhorst,* of Lake Geneva.

For the plaintiff-respondent, the cause was submitted on the brief of *John H. Andrews*, of *Consigny, Andrews, Hemming & Grant, S.C.*, of Janesville.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.  Joseph A. Metzl (Metzl) appeals from an order of the circuit court affirming a judgment of the municipal court of the Village of Williams Bay (the village). The issue on appeal is the appropriate standard of review to be employed by a circuit court in reviewing an appeal from a municipal court decision under sec. 800.14 (5), Stats. We conclude that the proper standard of review is similar to that which applies to appellate review of a trial to the court under sec. 805.17(2), Stats. Because the record reveals that the circuit court properly sustained the decision of the municipal court, we affirm.

On March 26, 1983, Metzl was arrested and issued three citations for violations of certain ordinances of the Village of Williams Bay. On June 28, 1983, a trial was held before the Village of Williams Bay municipal court wherein Metzl was convicted of operating a motor vehicle while under the influence of an intoxicant, contrary to a village ordinance adopting by reference sec. 346.63(1)(a), Stats., and possession of open intoxicants in a motor vehicle.[1] The other charge was dismissed. On July 1, 1983, the municipal court advised Metzl that either party had twenty days from that date to appeal the decision. On July 19, 1983, Metzl filed a notice of appeal with the circuit court.[2]

---

[1] The notice of appeal filed in the court of appeals on October 16, 1984, indicates that Metzl only appeals from the affirmance of the judgment of conviction for operating a motor vehicle while intoxicated.

[2] On November 4, 1983, the village filed a request for a trial *de novo* to the circuit court. On December 14, 1983, Metzl filed a motion requesting that the village "file a transcript of the trial before the Municipal Court, and that the Court hear this appeal on the

On March 23, 1984, a hearing was held in the circuit court. Metzl requested that the municipal court decision be reversed on the grounds that the evidence was insufficient to support a conviction. The circuit court reviewed the record to determine whether there was any credible evidence upon which to sustain the municipal court decision and concluded that there was credible evidence to support the conviction. Metzl argued that the circuit court was in error and that the proper standard of review was for the circuit court to review the record *de novo* and make an independent determination based upon the municipal court transcript without deference to the municipal court decision. The parties filed briefs on this issue and on May 15, 1984, the circuit court issued a memorandum decision stating:

> The Court feels that it is proper on appeal for the Court to review the transcript to see if there is credible evidence to sustain the municipal judge's decision. However, the defendant argues that this Court must make an independent decision based upon the evidence presented at the trial. For the purposes of the decision in this case only the Court adopted that standard proposed by the defendant and his attorney.

After a further review using this standard, the circuit court affirmed the decision of the municipal court. Metzl appeals.

Upon this court's own motion, this appeal was ordered to be decided by a three-judge panel.

Under ch. 800, Stats., there are two methods by which a defendant charged with an ordinance violation may obtain a determination of the facts by a circuit court: (1) request a jury trial prior to the commencement of the

transcript and not trial de novo." At a hearing on December 27, 1983, the circuit court ruled that the village had not made a timely request and ordered that the village file a transcript.

municipal court proceedings pursuant to sec. 800.04(1)
(d), Stats.,[3] or (2) try the case in municipal court and
then appeal and request a trial *de novo* to the circuit
court pursuant to sec. 800.14(4), Stats.[4] A request for
a trial *de novo* under sec. 800.14(4) permits the parties
to try the matter anew as though it had not been heard
before.

In this case, neither party made a timely request for
a trial *de novo* pursuant to sec. 800.14(4), Stats., and
the circuit court did not on its own motion order a trial
*de novo* without a jury. Therefore, this case is governed
by sec. 800.14(5), Stats., which provides:

If there is no request or motion under sub. (4), an appeal.
shall be based upon a review of a transcript of the pro-
ceedings. The municipal judge shall direct that the
transcript be prepared from the electronic recording
under s. 800.13(1) and shall certify the transcript. The
costs of the transcript shall be paid for under s. 814.65
(5). The electronic recording and the transcript shall
be transferred to the circuit court for review.

Metzl contends that the circuit court, in reviewing a
municipal court decision, retains the power to make an
independent evaluation of the evidence based upon the
record. He contends that an appeal "based upon a review
of a transcript of the proceedings" under sec. 800.14(5),
Stats., permits the circuit court to review the record

---

[3] Section 800.04(1)(d), Stats., provides, in pertinent part:

If the defendant pleads not guilty and within 10 days after entry
of the plea requests a jury trial and pays the required fees, the
municipal judge shall promptly transmit all papers and fees in the
cause to the clerk of the circuit court of the county where the viola-
tion occurred for a jury trial under s. 345.43.

[4] Section 800.14(4), Stats., provides:

Upon the request of either party within 20 days after notice of
appeal under sub. (1), or on its own motion, the circuit court shall
order that a trial de novo without a jury be held in circuit court.

*de novo* and to substitute its judgment for that of the municipal court.[5] We disagree.

The interpretation of a statute is a question of law. *In re I.V.,* 109 Wis. 2d 407, 409, 326 N.W.2d 127, 128 (Ct. App. 1982). Appellate courts owe no deference to the trial court's resolution of issues of law. *Behnke v. Behnke,* 103 Wis. 2d 449, 452, 309 N.W.2d 21, 22 (Ct. App. 1981). In construing or interpreting a statute, a reviewing court must give effect to the ordinary and accepted meaning of the statutory language. *County of Walworth v. Spalding,* 111 Wis. 2d 19, 24, 329 N.W.2d 925, 927 (1983). In determining the meaning of a particular word in a statute, it is necessary to examine the word in light of the entire statute. *Davis v. Rahkonen,* 112 Wis. 2d 385, 388, 332 N.W.2d 855, 857 (Ct. App. 1983).

The term "appeal" is frequently used generically to cover any form of appellate review. The right to a trial *de novo* is generally limited to special situations. *Cf. Gerbitz v. Joint County School Committee,* 274 Wis. 396, 399–400, 80 N.W.2d 377, 379 (1957); *Kuehnel v. Wisconsin Registration Board of Architects and Professional Engineers,* 243 Wis. 188, 193, 9 N.W.2d 630, 633 (1943); *School District No. 3 v. Callahan,* 237 Wis. 560, 578–79, 297 N.W. 407, 416 (1941). Otherwise, the re-

---

[5] Metzl cites *Bass v. Nofsinger,* 222 Wis. 480, 269 N.W. 303 (1936), for the proposition that while there is a presumption that the trial court should not be reversed on a question of fact unless there is a clear abuse of discretion, no such presumption exists as to the findings or judgment of the justice court. Metzl contends that the same rationale applies to appeals from a municipal court.

Chapter 276, Laws of 1967 served to eliminate the constitutional office of justice of the peace. The municipal courts of today are different from the old justice courts; they have different powers and operating procedures. *See* ch. 755, Stats.; League of Wisconsin Municipalities, *A Manual For Justices of the Peace* (May 1958). Therefore, we are not persuaded that the *Bass* rationale applies to appeals from municipal court decisions.

view is confined to consideration of the record below with no new testimony taken or issues raised in the appellate court. The tendency is to limit appellate courts in their consideration of questions of fact. *See* 4 Am. Jur. 2d *Appeal & Error* § 2 (1962).

We conclude that "an appeal . . . based upon a review of a transcript of the proceedings" under sec. 800.14(5), Stats., does not permit the circuit court to review the record *de novo* and to substitute its judgment for that of the municipal court. Subsection (4) of sec. 800.14, Stats., specifically provides either party with the option for a trial *de novo* without a jury to the circuit court. If there is no such request or motion and if the circuit court does not order a trial *de novo* on its own motion, then subsec. (5) provides for a review of the transcript. Construing sec. 800.14 as a whole, we conclude that subsec. (5) limits the circuit court to an examination of the transcript to determine whether the evidence supports the municipal court decision. *Cf. United Shoe Workers of America, Local 132 v. Wisconsin Labor Relations Board,* 227 Wis. 569, 574, 279 N.W. 37, 39–40 (1938). Review under subsec. (5) is analogous to appellate review of a trial to the court under sec. 805.17(2), Stats.[6] As a result, findings of fact of the municipal court should not be set aside by the circuit court unless clearly erroneous and due regard should be given to the opportunity of the municipal court to judge the credibility of the witnesses.

[6] Section 805.17(2), Stats., provides, in pertinent part:

EFFECT. In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the ultimate facts and state separately its conclusions of law thereon. . . . Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

The court of appeals applies the same standard of review as the circuit court.[7] *Cf. Miller Brewing Co. v. DILHR,* 103 Wis. 2d 496, 501, 308 N.W.2d 922, 925 (Ct. App. 1981). We search the record for facts to support the municipal court's findings of fact. *Cf. In re Estate of Glass,* 85 Wis. 2d 126, 134, 270 N.W.2d 386, 391 (1978).

Metzl was charged with operating a motor vehicle while under the influence of an intoxicant pursuant to a traffic citation and complaint. The citation/complaint charged that on March 26, 1983 at 1:00 a.m., Metzl was operating a motor vehicle while intoxicated on Geneva Street at Theatre Road in the Village of Williams Bay. Based upon the testimony of the parties and the witnesses called, the municipal court found that the village had met its burden of proof on the charge set forth in the citation. Because the municipal court did not make findings as to the ultimate facts, however, we will examine the record to determine whether the municipal court reached a result which the evidence would sustain if a specific finding supporting that result had been found. *Cf. Moonen v. Moonen,* 39 Wis. 2d 640, 646, 159 N.W.2d 720, 723 (1968).

The record reveals: Officer Davila testified that at approximately 1:00 a.m. on March 26, 1983, he observed a vehicle veering from left to right across the center line as it traveled westbound on Geneva Street in the Village of Williams Bay. He stopped the vehicle and ascertained that Metzl had been driving. He smelled alcohol on Metzl and observed liquor in the car. He requested that Metzl perform three sobriety tests; Metzl failed all three. Thomas Neuser, a chemist at the State Laboratory of Hygiene in Madison, testified that he

---

[7] Because we owe no deference to the circuit court determination, we need not address Metzl's contention regarding inconsistent statements made by the circuit court.

performed a test for blood ethanol on Metzl's blood and found his blood ethanol level was 0.172% by weight.

Our review of the trial record persuades us that sufficient facts exist to support the municipal court's ultimate determination. The decision of the municipal court, therefore, will not be disturbed on appeal.

The village contends that this appeal is frivolous and requests costs and fees pursuant to sec. 809.25(3), Stats., incurred as a result of this appeal. We are not so persuaded. While Metzl has not been successful on appeal, we decline to hold that his appeal was filed in bad faith solely for the purpose of harassment or that the appeal was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law. Sec. 809.25(3)(c).

*By the Court.*—Order affirmed.