STATE of Wisconsin, Plaintiff-Respondent,

v.

C.A.J., Defendant-Appellant.†

Court of Appeals

*Nos. 88–0744, 88–0745. Submitted on briefs October 13, 1988.—*
*Decided December 6, 1988.*

(Also reported in 434 N.W.2d 800.)

† Petition to review denied.

137

For appellant there were briefs filed by *Roy La Barton Gay,* of Eau Claire.

For respondent there was a brief filed by *James C. Babler,* District Attorney of Barron county.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   C.A.J. appeals an order denying his motion for discharge from commitment pursuant to sec. 971.17, Stats. The issue on appeal is whether the maximum term of commitment is equivalent to maximum consecutive terms or maximum concurrent terms. Because the maximum term of commitment must be based on consecutive terms, the trial court is affirmed.

C.A.J. was found not guilty by reason of mental disease or defect on one count of operating a motor vehicle without the owner's consent, sec. 943.23, Stats., and one count of criminal trespass to a dwelling, sec. 943.14. The first count carries a maximum sentence of

two years, and the second count carries a maximum sentence of nine months.

When computing C.A.J.'s discharge date under sec. 971.17(4), the Department of Health and Social Services computed a maximum period of commitment of two years and nine months. This reflects the maximum length of time under consecutive sentences that C.A.J. could have been imprisoned.

Section 971.17(4) provides:

> When the maximum period for which a defendant could have been imprisoned if convicted of the offense charged has elapsed, subject to s. 53.11 and the credit provisions of s. 973.155, the court shall order the defendant discharged subject to the right of the department to proceed against the defendant under ch. 51. If the department does not so proceed, the court may order such proceeding.

C.A.J. argues that this statute does not allow computation of the maximum period to be based on consecutive terms because the statute speaks only of a single offense. He reasons that consecutive terms therefore may not be imposed in multiple offense cases such as this case.

▮▮▮▮

Both parties agree that the statute's language does not specifically indicate whether the maximum term of commitment may be based on consecutive terms. The construction of a statute raises a question of law, and as a result we owe no deference to the trial court's decision. *State v. Clausen*, 105 Wis. 2d 231, 243, 313 N.W.2d 819, 825 (1982). Furthermore, we note that the strict construction of a criminal statute should not be used to defeat the legislative intent, and we will construe the statute in the manner that best supports

this legislative intent. *State v. Tronca,* 84 Wis. 2d 68, 80, 267 N.W.2d 216, 221 (1978).

The state argues that the statutory language demonstrates that the maximum period of commitment is defined by consecutive maximum terms. We agree. When construing a statute with singular or plural nouns, sec. 990.001, Stats., provides that "[t]he singular includes the plural, and the plural includes the singular" unless such a construction would contradict legislative intent.

Here the legislature intended to prohibit a person found not guilty by reason of mental defect or disease from being committed any longer than the underlying offense. *See State v. Mahone,* 127 Wis. 2d 364, 376, 379 N.W.2d 878, 884 (Ct. App. 1985). Under sec. 973.15(2), Stats., the sentencing court may impose in multiple offense situations consecutive sentences if it so desires. To construe "maximum period" to include multiple offenses and the possibility of consecutive terms is consistent with the rules of statutory interpretation.

If the legislature had intended to restrict the maximum period to concurrent sentences, it could easily have adopted specific statutory language as it did with sec. 971.14, the precommitment statute that restricts the maximum commitment term to the maximum penalty for the single most serious offense. On the other hand, sec. 971.17(4) does not place such a restriction on the commitment term.

We also note that the attorney general has reached a similar conclusion in 73 Op. Att'y Gen. 76 (1984). Although such an opinion is not binding on this court, we may give the opinion persuasive effect. *State v. Gilbert,* 115 Wis. 2d 371, 380, 340 N.W.2d 511, 516 (1973). In this instance, the attorney general's opinion

has been published since 1984 and the legislature has not amended the statute. Consequently, we give deference to this opinion. *Staples v. Glienke,* 142 Wis. 2d 19, 28, 416 N.W.2d 920, 924 (Ct. App. 1987). Therefore, we conclude that the maximum term of commitment must be based on consecutive terms under sec. 971.17(4).

*By the Court.*—Order affirmed.