## STATE of Wisconsin EX REL. Charles W. HELMER, Petitioner-Appellant,†

v.

## Timothy F. CULLEN, Secretary, Department of Health & Social Services, and Cynthia Schoenike, Deputy Director, Bureau of Community Corrections, Respondents.

Court of Appeals

*No. 88-1100. Submitted on briefs December 5, 1988.—Decided February 1, 1989.*

(Also reported in 440 N.W.2d 790.)

† Petition to review denied.

On behalf of the petitioner-appellant the cause was submitted on the briefs of *Jack Longert* of *Legal Assistance to Institutionalized Persons Program* of Madison.

On behalf of the respondents the cause was submitted on the brief of *Donald J. Hanaway,* attorney general and *James M. Freimuth,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.   Charles W. Helmer (Helmer) appeals from an order denying habeas corpus relief. Helmer seeks a recalculation of his mandatory release (MR) date by the Department of Health and Social Services (the department). He argues that the department lacked the authority to calculate his MR date based on consecutive terms because the trial court committed him for concurrent terms. We conclude that the trial court has no authority to establish a maximum period of commitment. Further, we have already held that the maximum period of commitment must be based on consecutive terms. *State v. C.A.J.,* 148 Wis. 2d 137, 141, 434 N.W.2d 800, 801 (Ct. App. 1988). Accordingly, we affirm the trial court's order denying relief.

Helmer was found not guilty by reason of mental disease or defect on two counts of battery by a prisoner. *See* sec. 940.20(1), Stats. The trial court ordered that Helmer be committed to the department "for a period of time not to exceed five years on each count—to be served concurrently, which is the maximum penalty."[1]

---

[1]This order was entered by Judge Eugene F. McEssey.

Helmer's MR date was eventually calculated by the department as if the five-year terms were to be served consecutively.

Helmer has been conditionally released and must still follow the department's rules of supervision and cooperate with outpatient treatment. The state concedes that Helmer's personal liberty is restrained within the meaning of sec. 782.01(1), Stats.

Helmer brought a habeas corpus proceeding, requesting the trial court to order the department to recalculate his MR date based on the trial court's earlier "concurrent terms" order. The trial court concluded that although a habeas corpus proceeding was a proper avenue to challenge the period of commitment, Helmer was not entitled to relief because the trial court had had no authority to limit the commitment to the equivalent of two concurrent five-year terms.[2] Helmer appeals.

As previously noted, this court has recently held that when the department calculates "the maximum period for which a defendant could have been imprisoned if convicted of the offense charged," *see* sec. 971.17(4), Stats., the maximum period of commitment must be based on consecutive terms. *See C.A.J.*, 148 Wis. 2d at 141, 434 N.W.2d at 801. The sole issue remaining is whether, in light of the above interpretation, a trial court has the authority to limit the maximum length of commitment to a period which is shorter than the maximum term as properly calculated by the department.[3] We conclude that the trial court does not have such authority.

---

[2]The habeas corpus proceeding was before Judge John W. Mickiewicz.

[3]The state concedes that all of the prerequisites for a habeas corpus proceeding have been met. We therefore do not address this issue.

When committing a defendant, the court's authority is derived solely from statute, just as it is when sentencing a defendant. *See State v. Pierce,* 117 Wis. 2d 83, 85, 342 N.W.2d 776, 778 (Ct. App. 1983); *State v. Smith,* 106 Wis. 2d 151, 158, 316 N.W.2d 124, 127 (Ct. App. 1982). Whereas sec. 973.013(1)(a), Stats., requires the court to prescribe a maximum sentence when sentencing a defendant, sec. 971.17(1), Stats., contains no such authority to limit the length of commitment. Section 971.17(1) reads as follows:

> When a defendant is found not guilty by reason of mental disease or defect, the court shall order him to be committed to the department to be placed in an appropriate institution for custody, care and treatment *until discharged as provided in this section.* [Emphasis added.]

Discharge of a person committed under this section occurs only "[i]f the court is satisfied that the defendant may be safely discharged or released without danger to himself or herself or to others" or "[w]hen the maximum period for which a defendant could have been imprisoned if convicted of the offense charged has elapsed." Sec. 971.17(2), (4).

None of the above statutory language grants the trial court authority to specify a maximum period of commitment. In the absence of a specific statutory provision, the trial court lacks the authority to establish a maximum period of commitment. Had the legislature intended that the trial court's discretion be a variable in the calculation of commitment periods, it could have so provided.

■

We conclude that the department properly disregarded that part of the trial court's order which specified the maximum period of commitment. As a result, the order denying Helmer habeas corpus relief is affirmed.

*By the Court.*—Order affirmed.