CITY OF MIDDLETON, Plaintiff-Respondent,

v.

Theresa J. HENNEN, Defendant-Appellant. [Case No. 95–3054]†

VILLAGE OF MCFARLAND, Plaintiff-Respondent,

v.

John C. VANDERZANDEN, Defendant-Appellant. [Case No. 95–3055]†

CITY OF MADISON, Plaintiff-Respondent,

v.

Susan J. SHARRATT, Defendant-Appellant. [Case No. 95–3399]†

Court of Appeals

*Nos. 95–3054, 95–3055, 95–3399. Submitted on briefs October 11, 1996.—Decided November 7, 1996.*

(Also reported in 557 N.W.2d 818.)

†Petition to review denied.

*See Callaghan's Wisconsin Digest, same topic and section number.

347

For the defendant-appellants the cause was submitted on the briefs of *Ralph A. Kalal* of *Kalal & Associates* of Madison.

For the plaintiff-respondents the cause was submitted on the briefs of *Jane F. Zimmerman* of *Murphy & Desmond*, attorney for Village of McFarland; *Randy J. Paul*, assistant city attorney, City of Middleton, and *Roger A. Allen,* assistant city attorney, City of Madison.

Before Dykman, P.J., Vergeront and Deininger, JJ.

DEININGER, J. Defendants appeal from circuit court judgments affirming municipal court traffic convictions. In each case, the defendant sought a circuit court "transcript review" of his or her municipal court conviction under § 800.14(5), STATS. The circuit court affirmed the convictions in written decisions without holding hearings or requesting briefs from the parties. Defendants claim a violation of their due process right "to be heard" because they did not have the opportunity to brief or argue their appeals in the circuit court. We

conclude that § 800.14 does not require the circuit court to hold a hearing or request briefs when conducting a municipal court transcript review, and that the statute, when considered as a whole, affords municipal court litigants a meaningful appeal. Accordingly, we affirm.

## BACKGROUND

Hennen was convicted in the City of Middleton Municipal Court of operating a motor vehicle while under the influence of an intoxicant (OMVWI) and operating a motor vehicle with a prohibited alcohol content (PAC) in violation of city traffic ordinances. Vanderzanden was convicted of OMVWI and PAC in the Village of McFarland Municipal Court. Sharratt was convicted of OMVWI in the City of Madison Municipal Court. All sought review of their convictions in Dane County Circuit Court under § 800.14(5), STATS., which provides as follows:

> If there is no request or motion under sub. (4),[1] an appeal shall be based upon a review of a transcript of the proceedings. The municipal judge shall direct that the transcript be prepared from the electronic recording under s. 800.13 (1) and shall certify the transcript. The costs of the transcript shall be paid for under s. 814.65 (5). The electronic recording and the transcript shall be transferred to the circuit court for review.

In each case, the trial court issued a written decision affirming the municipal court conviction. None of the parties or their counsel received notice of the pro-

---

[1] As we discuss below, § 800.14(4), STATS., allows a losing party to choose a de novo trial in the circuit court after a municipal court judgment.

ceedings in the circuit court until the written decisions were issued. Therefore, no briefs were filed by any party, nor was any oral argument presented to the circuit court prior to the decisions.[2]

## DISCUSSION

Except for the issue of the circuit court's failure to afford defendants the opportunity to brief or argue their appeals under § 800.14(5), STATS., the defendants point to no substantive grounds for relief from the judgments of conviction. That is, they point to no specific errors in the municipal court proceedings that went unaddressed by the circuit court on the transcript reviews, nor to any errors in the circuit court decisions affirming the convictions. The City of Madison would therefore have us affirm the judgments on a harmless error rationale.[3]

We decline to do so. Defendants noted in their motions for a three-judge panel that since appeals arising out of municipal court actions customarily result in one-judge decisions which are not published, we should take this opportunity to address the procedural issue for the guidance of trial courts in conducting § 800.14(5), STATS., reviews. We agree. The procedural issue has been fully briefed by all parties in this appeal. *See State ex rel. Jackson v. Coffey*, 18 Wis. 2d 529, 533, 118 N.W.2d 939, 942 (1963).

---

[2] Since the relevant facts and legal issues in the three appeals are identical, we ordered the cases consolidated. The Chief Judge also granted appellants' motions that the appeals be decided by a three-judge panel.

[3] *See* § 805.18(2), STATS.; *Potts v. Garionis*, 127 Wis. 2d 47, 55, 377 N.W.2d 204, 208 (Ct. App. 1985).

Defendants concede that § 800.14(5), STATS., "is simply silent on the process to be employed in hearing the appeal." We held in *Village of Williams Bay v. Metzl*, 124 Wis. 2d 356, 361, 369 N.W.2d 186, 189 (Ct. App. 1985), that the standard of review in a municipal court transcript review appeal to the circuit court is similar to appellate review of a circuit court trial. Defendants argue that we must therefore read into § 800.14(5) procedures analogous to those in Chapter 809, STATS., which governs appeals in this court and in the supreme court. We disagree.

There is no basis for an expansive construction of § 800.14(5), STATS. The legislature has shown itself capable of outlining specific procedures for circuit courts to follow when reviewing decisions made in other forums. *See, e.g.*, § 102.23, STATS. (worker's compensation determinations), and §§ 227.53-57, STATS. (state agency decisions). The legislature has not done likewise in § 800.14(5) and, absent any ambiguity, we will not read into a statute what the legislature has not written there.[4] *See La Crosse Lutheran Hosp. v. La Crosse County*, 133 Wis. 2d 335, 338, 395 N.W.2d 612, 613 (Ct. App. 1986) ("We cannot rewrite [a statute] to meet [a party's] desired construction of it.").

---

[4] Defendants contend that the circuit court "interpreted" § 800.14(5), STATS., "to preclude the opportunity" for defendants to brief their appeal or argue orally before the circuit court. Nowhere in its written decisions did the circuit court render such an interpretation, nor did it even address construction of the statute. We agree with defendants that the statute does not *preclude* a circuit court from calling for briefs from the parties to a § 800.14(5) transcript review, or from holding a hearing. The statute does not *require* these procedures, however.

Defendants correctly note that once a right to appeal is granted, due process requires that the right to appeal cannot be rendered meaningless. *State v. Borrell*, 167 Wis. 2d 749, 778, 482 N.W.2d 883, 894 (1992). In order for an appeal or review to be meaningful, the party seeking review must be afforded the right to be heard at a meaningful time and in a meaningful manner. *State ex rel. Sahagian v. Young*, 141 Wis. 2d 495, 500, 415 N.W.2d 568, 570 (Ct. App. 1987). Thus, even though an "opportunity to be heard" may not be expressly required by the language of § 800.14(5), STATS., defendants argue that a circuit court must allow the parties to brief and argue their appeals in order to comply with constitutional due process. We disagree, since other subsections of § 800.14 provide parties aggrieved by a municipal court decision ample opportunity to be meaningfully heard in the circuit court.

"[T]he entire section of a statute and related sections are to be considered in its construction or interpretation: we do not read statutes out of context." *Brandt v. LIRC*, 160 Wis. 2d 353, 362, 466 N.W.2d 673, 676 (Ct. App. 1991), *aff'd*, 166 Wis. 2d 623, 480 N.W.2d 494 (1992). Section 800.14(1), STATS., grants the right to appeal from judgments of municipal courts, and § 800.14(4) provides the following options to an appellant:

> Upon the request of either party within 20 days after notice of appeal under sub. (1), or on its own motion, the circuit court shall order that a new trial be held in circuit court. The new trial shall be conducted by the court without a jury unless the appellant requests a jury trial in the notice of

appeal under sub. (1). The required fee for a jury is prescribed in s. 814.61(4).

Thus, a party appealing from an adverse municipal court judgment is given an opportunity to be heard in the circuit court in a most meaningful manner: by trying the case anew to either a judge or jury. If an appellant chooses the de novo option, any errors committed by the municipal court are completely vitiated. A party may also raise issues in the circuit court that he or she failed to raise in the prior proceeding, an opportunity not usually afforded appellants in this court.

One appealing from a municipal judgment may, of course, opt to forgo the opportunity for de novo proceedings in the circuit court, as the defendants in these cases have done. Once the choice has been made to forgo the more expansive opportunity to be heard afforded by § 800.14(4), STATS., a party cannot then complain that he or she has been denied the opportunity. *See Village of Oregon v. Waldofsky*, 177 Wis. 2d 412, 421-22, 501 N.W.2d 912, 915-16 (Ct. App. 1993) (one who waives the opportunity to have a jury trial cannot claim a constitutional violation when jury trial is foreclosed at later stages in proceeding).

We conclude that defendants are neither statutorily nor constitutionally entitled to brief or argue orally before the circuit court when pursuing a transcript review appeal from a municipal court judgment under § 800.14(5), STATS.

*By the Court.*—Judgments affirmed.