VILLAGE OF MENOMONEE FALLS, Plaintiff-Respondent,

v.

Paul G. MEYER, Defendant-Appellant.

Court of Appeals

*No. 98–3195. Submitted on briefs June 14, 1999.—Decided August 4, 1999.*

(Also reported in 601 N.W.2d 666.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Rex R. Anderegg* of *Anderegg & Mutschler, LLP* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Timothy W. Feeley* of *von Briesen, Purtell, & Roper, SC* of Milwaukee.

Before Nettesheim, Anderson and Snyder, JJ.

ANDERSON, J.   The issue in this appeal is whether § 800.14(4), STATS., permits a new trial in the circuit court when the case was judicially resolved, but its merits were not fully litigated, before the municipal court. We conclude that the legislature modified § 800.14(4) to reduce the number of circuit court jury trials resulting from municipal court appeals. Considering the legislature's intent for § 800.14(4), we determine that without a trial on the merits in the municipal court, a party cannot request a new trial in

the circuit court. Because the Village of Menomonee Falls made such a request in this case, we reverse.[1]

Paul G. Meyer was arrested for operating a motor vehicle while intoxicated (OMVWI), operating a motor vehicle with a prohibited alcohol concentration (PAC), and possession of a controlled substance and drug paraphernalia in violation of WAUKESHA COUNTY, WIS., MUNICIPAL ORDINANCES §§ 6.01 (adopting § 346.63(1)(a) and (b), STATS.), 10.07(1)(k)6 and 10.03(1)(q). A Village of Menomonee Falls Municipal Court trial was set. Meyer's defense counsel made a discovery request that specifically asked for the narrative police report about Meyer's arrest. The Village failed to produce the police report, despite defense counsel's numerous requests. The Village informed Meyer that the report did not exist.

Immediately before the trial, the Village discovered the missing police report. Meyer made a motion in limine to prohibit use of the police report at trial. The municipal court granted the motion. Without the police report as evidence, the Village stated that it was unable to proceed. After a motion from Meyer, the court dismissed the charges against him.

The Village requested a new trial before the circuit court in accordance with § 800.14(4), STATS. Meyer responded with a motion to dismiss, arguing that the Village could not request a new trial before the circuit court when the merits of the case had not been determined before the municipal court. After a hearing on the motion, the circuit court agreed with the Village that § 800.14(4) permitted a new trial before it. A new trial was held. Meyer was found guilty of OMVWI, PAC

---

[1] This appeal was originally a one-judge appeal; it was converted to a three-judge panel by order of June 21, 1999. *See* RULE 809.41(3), STATS.

and possession of a controlled substance[2] and was ordered to pay a forfeiture judgment of $859.75. Meyer appeals.

■

Whether § 800.14(4), STATS., permits a new trial in the circuit court when a case was resolved but not fully litigated on the merits before the municipal court presents a matter of statutory construction which we review de novo. *See State v. C.A.J.*, 148 Wis. 2d 137, 139, 434 N.W.2d 800, 800 (Ct. App. 1988). We begin by reading the statute's language, and, if the language is unambiguous, we apply it to the facts at hand. *See State v. Williams*, 198 Wis. 2d 516, 525, 544 N.W.2d 406, 410 (1996). If the statute is ambiguous, or reasonably may be understood in more than one way, we will examine the scope, history, context, subject matter and object of the statute to ascertain the legislature's intent when drafting it. *See id.*

Section 800.14, STATS., grants the right to appeal from judgments of municipal courts, and subsec. (4) provides the following option to an appellant:

> Upon request of either party . . . the circuit court shall order that a new trial be held in circuit court. The new trial shall be conducted by the court without a jury unless the appellant requests a jury trial. . . .

This subsection allows a party appealing from an adverse municipal court judgment to retry the case to either the judge or a jury.

The Village contends that § 800.14(4), STATS., permits either party to request a new trial if the municipal court has addressed and disposed of the case. In con-

---

[2] The Village's motion to dismiss the citation for possession of drug paraphernalia was granted by the circuit court.

trast, Meyer argues that a municipal court trial that includes a full litigation of the merits of the parties' issues must occur before either party may appeal to the circuit court for a new trial. Both parties present reasonable interpretations of this statute. Because § 800.14(4) is capable of more than one reasonable interpretation, we conclude that it is ambiguous.

To resolve this controversy, we examine the legislature's intent when creating the statute. To do so, we must interpret the statute's subsections in a manner consistent with the entire statute's purpose. *See Williams,* 198 Wis. 2d at 527, 544 N.W.2d at 410. "A statute should be construed to give effect to its leading idea, and the entire statute should be brought into harmony with the statute's purpose." *Id.* at 527, 544 N.W.2d 410–11 (quoted source omitted).

Section 800.14(4), STATS., was modified in 1987. The legislative history indicates that the legislature was modifying this subsection to reduce the number of circuit court jury trial requests from municipal ordinance violation appeals.

> The legislative history of secs. 800.04(1)(d) and 800.14(4), STATS., indicates that they were revised in 1987 in order to encourage municipal ordinance defendants to have their cases heard in municipal court and thus cut down on what were believed to be "excessive requests" for circuit court jury trials in civil forfeiture and ordinance violation cases. [*See*] 1987 Bill Draft Request Form from Cheryl Wittke to Senator Adelman, Dec. 4, 1986.

*Village of Oregon v. Waldofsky,* 177 Wis. 2d 412, 419, 501 N.W.2d 912, 914 (Ct. App. 1993).

The Village's motivation for requesting a new trial before the circuit court is readily apparent. The charges against Meyer were dismissed in the munici-

815

pal court because after failing to produce the police report through discovery and then not being able to present it as evidence, the Village was unprepared to proceed with the trial. Because of the Village's error, it was unable to get a conviction against Meyer. With the new circuit court trial, the Village started the case with a clean slate. It now had the opportunity to use the police report as evidence. Such leaping from an adverse municipal court determination in search of a more favorable outcome in the circuit court is contrary to the legislature's intent for the statute—to reduce the number of new trial requests to the circuit court from municipal ordinance violations. Meyer, who was fully prepared with his case at the time of the municipal court trial, succeeded before the municipal court in getting the charges against him dismissed. The result sought by the Village is unfair to those who, after receiving a judicial determination of their case by the municipal court, believe that their case has been resolved.

The 1987 revision to § 800.14, STATS., shows that the legislature sought to reduce the number of municipal court appeals to the circuit court from municipal ordinance violations. Considering the legislative intent and principles of justice and fairness, we cannot agree with the Village's reading of the statute. Such a broad construction permits parties to correct errors fatal to their municipal court case by requesting a new trial before the circuit court. We are obligated to avoid construing this statute in a manner that produces an absurd result. *See Jungbluth v. Hometown, Inc.*, 201 Wis. 2d 320, 327, 548 N.W.2d 519, 522 (1996).

Our conclusion that a full trial of the parties' issues in the municipal court is a condition precedent to a "new" trial in the circuit court finds support in *City of*

*Middleton v. Hennen*, 206 Wis. 2d 347, 557 N.W.2d 818 (Ct. App. 1996). The question in *Hennen* was whether a party is entitled to present a written or oral argument in an appeal brought under § 800.14(5), STATS. In discussing the option to seek a "new" trial under § 800.14(4), we pointed out that "a party appealing from an adverse municipal court judgment is given an opportunity to be heard in the circuit court in a most meaningful manner: by trying the case *anew* to either a judge or jury." *Hennen*, 206 Wis. 2d at 355, 557 N.W.2d at 821. "Anew" is defined in WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 82 (1993) as "1 : for an additional time . . . 2 : in a new form." Before a case can be tried "for an additional time," it must have been fully litigated at an earlier time.

Holding that the Village is barred from seeking a new trial in the circuit court because there was no trial on the merits in the municipal court does not prohibit the Village from seeking review of the municipal court action suppressing the errant police report. Section 800.14(5), STATS., provides that if there is no request for a new trial under § 800.14(4), an appeal to the circuit court shall be based upon a review of a transcript of the municipal proceedings. *See Village of Williams Bay v. Metzl*, 124 Wis. 2d 356, 361, 369 N.W.2d 186, 189 (Ct. App. 1985). When the circuit court conducts a review of the municipal court judgment, it applies the same standard of review to the issue presented as an appellate court applies in reviewing a trial court. *See id.* The Village had the opportunity to seek a meaningful review of the municipal court judgment through an appeal on the record under § 800.14(5). Because the Village forfeited this opportunity, it cannot complain that it has been denied a meaningful review of the

817

municipal court's judgment. *See Hennen,* 206 Wis. 2d at 355, 557 N.W.2d at 821.

█

In conclusion, we determine that § 800.14(4), STATS., does not permit a new trial before the circuit court when the case was judicially resolved, but not fully litigated on the merits, before the municipal court. Accordingly, we reverse.

*By the Court.*—Judgment reversed.