CITY OF PEWAUKEE, Plaintiff-Appellant,†

v.

Thomas L. CARTER, Defendant-Respondent.

Court of Appeals

*No. 03–1114. Submitted on briefs October 8, 2003.—*
*Decided November 19, 2003.*

2003 WI App 260

(Also reported in 673 N.W.2d 380.)

† Petition to review granted 3-23-04.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Rick D. Trindl* and *Julie A. Aquavia* of *Arenz, Molter, Macy & Riffle, S.C.*, Waukesha

On behalf of the defendant-respondent, the cause was submitted on the brief of *Rex R. Anderegg* of *Anderegg & Mutschler, LLP*, Milwaukee.

Before Anderson, P.J., Brown and Snyder, JJ.

¶ 1. ANDERSON, P.J.   The City of Pewaukee appeals an order of the circuit court that granted Thomas L. Carter's motion to dismiss the City's appeal for a de novo trial filed under Wis. Stat. § 800.14(4) (2001–02)[1]

---

[1] WISCONSIN STAT. § 800.14(4) provides:

> Upon the request of either party within 20 days after notice of appeal under sub. (1), or on its own motion, the circuit court shall order that a new trial be held in circuit court. The new trial shall be conducted by the court without a jury unless the appellant requests a jury trial in the notice of appeal under sub. (1). The required fee for a jury is prescribed in s. 814.61(4).

All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise stated.

in response to a municipal court's grant of Carter's motion for dismissal at the end of the City's case-in-chief. For the reasons explained below, we affirm.

¶ 2. *Background Facts.* The facts are not in dispute. Carter received two citations for operating a motor vehicle while intoxicated (OWI) and operating with a prohibited alcohol concentration (PAC). A trial before the municipal court was held on June 20, 2002. The City presented three witnesses who were examined by the City and then cross-examined by Carter's attorney. First, an analyst from the State Lab of Hygiene testified about the procedures he used to test the blood sample Carter had provided on July 27, 2001. Next, a citizen witness testified about an automobile accident in which he was involved on the morning of July 27, 2001, when his vehicle was struck by Carter's vehicle on Highway 74 in the city of Pewaukee.

¶ 3. Finally, City of Pewaukee Police Detective Neil Evens testified that he had been dispatched to take photographs of the scene of the accident in which Carter and the citizen witness were involved. Evens testified, among other things, that after photographing the scene, he Mirandized Carter, questioned him about the accident and what he had had to drink, and then took a statement from him. Evens acknowledged that Carter told him the accident occurred because a minivan had cut him off, which caused him to lose control of his vehicle. When the prosecutor asked Evens to identify in court the individual with whom he had spoken that night (i.e., Carter), he identified the wrong person. Carter's attorney stated that Carter was not in the courtroom and that Evens had improperly identified Carter's brother as Carter.

¶ 4. Following Evens' testimony, the prosecutor informed the court that he would not be moving to

admit Carter's blood test results because he had learned during trial that the arresting officer—who could establish a foundation for the propriety of the blood draw—was unavailable to testify. The prosecutor then stipulated that he had no foundation for the admission of the blood test results. He told the court that he did not want an adjournment but, instead, wanted to proceed on the evidence presented. Thereafter, the prosecutor rested the City's case.

¶ 5. *Pertinent Facts.* At the close of the City's case against Carter, Carter's attorney moved for dismissal on the grounds that the City had failed to meet its burden of proof. The court granted the motion primarily because the arresting officer was unavailable and could not provide critical testimony tying Carter to the blood test: "I don't think there was enough evidence here to go on with a drunk driving case if you don't have the arresting officer."

¶ 6. The City appealed the municipal court's decision requesting a new trial before the circuit court under the provisions of Wis. Stat. § 800.14(4). Carter brought a motion to dismiss the action arguing that under *Village of Menomonee Falls v. Meyer*, 229 Wis. 2d 811, 601 N.W.2d 666 (Ct. App. 1999), in which this court interpreted § 800.14(4), an appeal requesting a new trial before the circuit court is not available unless the merits of a case are fully litigated before the municipal court.

¶ 7. At the motion hearing, the City argued that *Meyer* did not apply to the instant case because in *Meyer* there were "[n]o elements of a trial as we understand it." The City explained that in *Meyer* there was a pretrial motion in limine that a police report be excluded. The motion was granted. The prosecutor then said he could not proceed without the police report. At

this point, the judge entertained and granted a defense motion to dismiss. The City argued that the facts make Carter's case and Meyer's case distinguishable because, unlike *Meyer*, here the prosecution had already presented its case-in-chief before the case was dismissed.

¶ 8. The circuit court disagreed with the City. It agreed instead with Carter that *Meyer* controlled. It dismissed the action, reasoning that *Meyer* requires that the action be fully litigated in the municipal court before either party can seek a trial de novo in the circuit court. The City now appeals the circuit court's decision.

¶ 9. On appeal, the City reasserts that the facts make Carter's case and Meyer's case distinguishable because, unlike *Meyer*, here the prosecution had already presented its case-in-chief before the case was dismissed. The City argues that therefore a trial was conducted in the municipal court which entitled the City to a trial de novo before the circuit court. The City also argues that granting a defendant's motion for dismissal at the close of a municipality's case results in the adjudication of the matter on the merits. Both arguments fail to persuade in light of our analysis of the law.

¶ 10. *Law and Discussion.* We agree with the circuit court and Carter that *Meyer* controls. In *Meyer*, the defendant was arrested for OWI, PAC and possession of a controlled substance and drug paraphernalia. *Meyer*, 229 Wis. 2d at 813. A village of Menomonee Falls municipal court trial was set. *Id.* Meyer's defense counsel made a discovery request that specifically asked for the narrative police report about Meyer's arrest. *Id.* The Village failed to produce the police report. *Id.* The Village informed Meyer that the report did not exist. *Id.*

¶ 11. Immediately before the trial, the Village discovered the missing police report. *Id.* Meyer made a

motion in limine to prohibit use of the police report at trial. *Id.* The municipal court granted the motion. *Id.* Without the police report as evidence, the Village stated that it was unable to proceed. *Id.* After a motion from Meyer, the court dismissed the charges against him. *Id.*

¶ 12.   The Village requested a new trial before the circuit court citing WIS. STAT. § 800.14(4). *Meyer*, 229 Wis. 2d at 813. Meyer responded with a motion to dismiss, arguing that the Village could not request a de novo trial before the circuit court when the merits of the case had not been determined before the municipal court. *Id.* After a hearing on the motion, the circuit court agreed with the Village that § 800.14(4) permitted a new trial before it. *Meyer*, 229 Wis. 2d at 813. A new trial was held. *Id.* Meyer was found guilty of OWI, PAC and possession of a controlled substance and was ordered to pay a forfeiture judgment. *Id.* at 813–14. Meyer appealed. *Id.* at 814. We reversed the circuit court's decision. *Id.* at 813.

██

¶ 13.   The issue before us on appeal in *Meyer* was whether WIS. STAT. § 800.14(4) permits a new trial in the circuit court when a case was resolved but not fully litigated on the merits before the municipal court. *Meyer*, 229 Wis. 2d at 814. After a review and discussion of the legislative history, we concluded that the legislature modified § 800.14(4) to reduce the number of circuit court jury trials resulting from municipal court appeals. *Meyer*, 229 Wis. 2d at 815. Then, considering the legislature's intent for § 800.14(4), we determined that without a trial on the merits in the municipal court, a party could not request a new trial in the circuit court. *Meyer*, 229 Wis. 2d at 812–13. Although the facts are not identical, the issue in *Meyer* is the issue in the case at bar. Nonetheless, the City goes to great lengths

to distinguish Carter's case from Meyer's and thus to insulate this case from the law of *Meyer*.

¶ 14.   The City argues that *Meyer* does not apply to the instant case because in *Meyer* there were "[n]o elements of a trial as we understand it." The City claims that in the instant case, "the matter before the municipal court was a trial of the substantive issues . . . ." The City asserts that the circuit court's application of *Meyer* essentially requires the defendant to present a defense, a requirement not mandated under WIS. STAT. § 800.08(1).[2] The City thus reduces the circuit court's decision to one based on its improper determination that a defendant must present evidence for a trial to have occurred.

¶ 15.   The City's argument misunderstands our holding in *Meyer* and misconstrues the circuit court's reasoning for reliance on *Meyer*. *Meyer* did not hold that as long as "elements of a trial" take place in municipal court, this is enough to constitute the trial that is necessary before a de novo trial can occur in circuit court. Rather, *Meyer* explicitly held that "a *full* trial of the parties' issues in the municipal court is a condition precedent to a 'new' trial in the circuit court." *Meyer*, 229 Wis. 2d at 816 (emphasis added).

¶ 16.   In contrast to our reasoning in *Meyer*, the City seems to be arguing that at the time Carter moved for dismissal, he waived any opportunity to present evidence in the event the municipal court denied his motion. According to the City's logic, after a plaintiff

---

[2] The City notes that under municipal court trial procedures, only the prosecutor is required to present evidence, the defendant may or may not. *See* WIS. STAT. § 800.08(1) ("The municipality shall first offer evidence in support of the citation or complaint. The defendant may offer evidence after the municipality has rested.").

rests his or her case, a defendant must irrevocably choose between moving for dismissal on the basis of insufficiency of the plaintiff's evidence, (thereby completing the trial), or presenting evidence on his or her own behalf. This is not the law.

¶ 17.    Thus, the City's interpretation of the circuit court's decision is unconvincing. Unlike the City, we do not view the circuit court's application of *Meyer* to require that the defendant present a defense. Rather, the circuit court's application of *Meyer* requires that the defendant have the *opportunity* to present a defense. This is a proper application of our reasoning in *Meyer*.

¶ 18.    The circuit court recognized that Carter did not have the opportunity to present a defense in the municipal court. Before Carter presented any evidence of his own, he moved for dismissal based on insufficiency of the City's evidence. The municipal court responded:

> I think there is a huge hole in this case and . . . I don't think there was enough evidence here *to go on with* a drunk driving case if you don't have the arresting officer. So I'm going to grant the motion to dismiss it at this point. (Emphasis added.)

The grant of Carter's dismissal motion effectively truncated his opportunity to present a defense—an opportunity required for the merits of a case to be considered fully litigated.

¶ 19.    In recognizing that Carter did not have the opportunity to present a defense in the municipal court, the circuit court recognized the flaw in the City's logic:

> THE COURT:   If the defense has the opportunity to proceed and rests, that is an entirely different situation.

PROSECUTOR: They did have that opportunity in this case, Your Honor. They chose to make a motion instead.

THE COURT: Well, that I don't find persuasive whatsoever. That is asking a defendant to lay down on its sword of seeking a dismissal if they feel that a case is deficient on the part of the plaintiff . . . . I am satisfied[] the Court of Appeals would not require that of any defendant.

¶ 20. The circuit court was quite correct in surmising that this court does not interpret WIS. STAT. § 800.14(4) to require that the defendant lay down on its sword of seeking a dismissal. A defendant does not have to choose between seeking a dismissal and the opportunity to present a defense if a motion to dismiss is denied. This would give a distinctly unfair advantage to the prosecution. We made evident in *Meyer* that a defendant who succeeded before the municipal court in getting the charges against him or her dismissed should not be faced with the possibility that the prosecution will be given a second chance to carry its burden of proof. *See Meyer*, 229 Wis. 2d at 816. "Such leaping from an adverse municipal court determination in search of a more favorable outcome in the circuit court is contrary to the legislature's intent for [§ 800.14(4)]—to reduce the number of new trial requests to the circuit court from municipal ordinance violations." *Meyer*, 229 Wis. 2d at 816.

██

¶ 21. *Conclusion. Meyer* instructs that WIS. STAT. § 800.14(4) "does not permit a new trial before the circuit court when the case was judicially resolved, but not fully litigated on the merits, before the municipal court." *Meyer*, 229 Wis. 2d at 818. In order for a matter to be resolved on the merits, both parties must have

exercised the prerogative to present or to rest their case. Carter's case was "judicially resolved" (i.e., resolved by a question of law[3]) but was not fully litigated on the merits when the municipal court granted his motion to dismiss made immediately after the City rested. The circuit court properly rejected the City's appeal for a new trial.[4]

*By the Court.*—Order affirmed.

¶ 22. BROWN, J. (*dissenting*). WISCONSIN STAT. § 800.14(4) states:

> Upon the request of either party within 20 days after notice of appeal under sub. (1), or on its own motion, the circuit court shall order that *a new trial* be held in circuit court. The *new trial* shall be conducted by the court without a jury unless the appellant re-

---

[3] The municipal court granted Carter's motion to dismiss, holding that the City failed to meet its burden of proof. Whether or not a party meets its burden of proof is a question of law. *Hallin v. Hallin*, 228 Wis. 2d 250, 258, 596 N.W.2d 818 (Ct. App. 1999).

[4] There is no need to remand for any work by the circuit court because the City did not seek a paper review; it sought a de novo trial. WISCONSIN STAT. § 800.14(5) provides that if there is no request for a new trial under § 800.14(4), an appeal to the circuit court shall be based upon a review of the transcript of the municipal proceedings. *See Village of Menomonee Falls v. Meyer*, 229 Wis. 2d 811, 817, 601 N.W.2d 666 (Ct. App. 1999); *see also Village of Williams Bay v. Metzl*, 124 Wis. 2d 356, 361, 369 N.W.2d 186 (Ct. App. 1985).

Thus, the City had an opportunity to seek a meaningful review of the municipal court's judgment through an appeal on the record under WIS. STAT. § 800.14(5). *See Meyer*, 229 Wis. 2d at 817. Because the City forfeited this opportunity, it cannot complain that it has been denied a meaningful review of the municipal court's judgment. *Id.* at 817–18.

quests a jury trial in the notice of appeal under sub. (1). The required fee for a jury is prescribed in s. 814.61(4). (Emphasis added.)

¶ 23.   It is clear that a "new" trial presupposes that there was a prior trial in the municipal court. Had I been on the panel in *Village of Menomonee Falls v. Meyer*, 229 Wis. 2d 811, 601 N.W.2d 666 (Ct. App. 1999), I would have agreed with the result, therefore, because there was never a prior trial in that case. The case was dismissed before a trial ever took place.

¶ 24.   I submit that there was a prior trial in this case, unlike the circumstance in *Meyer*, and that the City of Pewaukee is therefore entitled to a trial de novo in the circuit court. I would reverse the instant case and remand for a new trial.

¶ 25.   Here, witnesses were sworn under oath and testimony was taken. The trial thus not only began, it was in progress. At the end of the City's case, the municipal court granted a motion to dismiss at the close of the plaintiff's evidence. While I realize that this case was therefore "judicially resolved," that does not mean there was no trial. I would bet that there is not a litigator in this state who, following a directed verdict after evidence was taken and one party rested, would walk out of the courtroom believing that he or she was not in a trial.

¶ 26.   I profess not to understand the majority's insistence on a "full trial." That is certainly not found in the statute. The majority seems to hang its hat on not the statute, but on *Meyer*. In that case, the court wrote that WIS. STAT. § 800.14(4) "does not permit a new trial before the circuit court when the case was judicially resolved, but not fully litigated on the merits, before the municipal court." *Meyer*, 229 Wis. 2d at 818. If the

*Meyer* panel was saying that the statute requires a complete trial in the municipal court before a party may avail itself of a trial de novo in the circuit court, as the majority seems to assert, I think the statement was wrong. The statute says no such thing and the court was putting a spin on the statute that does not exist on the face of the statute and cannot be found in the legislative history. Moreover, the statement is dicta since, in *Meyer*, there was no trial—so discussion on the need for the prior trial to be "fully litigated" went beyond what was necessary to decide. I would not follow *Meyer* in this case. I would hold that once witnesses have been sworn and testimony is being taken, a trial is in progress. That trial has full force and effect for collateral estoppel and res judicata purposes in civil cases and is "on the books" as a trial unless there is a voluntary nonsuit.

¶ 27. I have another problem with the majority's logic. If there is no trial until the case is fully litigated, this means that a motion made at the close of the plaintiff's case does not allow for a trial de novo in the circuit court but a motion made at the close of all evidence, based on the same legal grounds and thus decided as a matter of law rather than fact, does allow for a trial de novo. I do not think the legislature intended to grant access to the circuit court for new trial purposes depending on *when* the motion was made.

¶ 28. As I said, I would reverse and remand with directions for a trial de novo.