**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**August 5, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2020AP431**

Cir. Ct. No.  2019CV2021

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT II**

CITY OF WAUKESHA,

PLAINTIFF-RESPONDENT,

V.

ISAAC KINUTHIA,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Waukesha County: BRAD SCHIMEL, Judge. *Affirmed.*

¶1    DAVIS, J.[1]    Isaac Kinuthia, appearing pro se, appeals a parking citation he received in the City of Waukesha.  The citation was for parking within

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version.

fifteen feet to the near limits of a crosswalk, in violation of Waukesha Municipal Ordinance § 7.04. This ordinance, in turn, mirrors WIS. STAT. § 346.53(5), which makes this proscription statewide. Kinuthia claims that it is a violation of constitutional due process for the ordinance, and presumably the statute, not to require signage alerting motorists of the no-parking zone.

¶2 Kinuthia contested the ticket he received in the municipal court, which upheld the citation after conducting a trial on the issue. A hearing in the circuit court affirmed the conviction. He now appeals to this court. We affirm.

¶3 Kinuthia's appeal suffers from any number of procedural deficiencies, including a failure to provide a transcript of the circuit court proceedings, a failure to develop a supporting argument for his constitutional challenge and, perhaps with his tenacity in fighting this $20 citation finally waning, a failure to file a reply brief. These deficiencies alone are enough to warrant summary dismissal of his appeal. Nonetheless, given Kinuthia's status as a pro se litigant, and because the City has taken the time and effort to thoroughly address the substance of Kinuthia's arguments, we will discuss the merits. In the process, we can perhaps bring clarity to a situation that if not necessarily needing it (since in our view the law is clear) certainly is one that routinely occurs on Wisconsin streets.

¶4 We start with the fact that there is no question that Kinuthia was in violation of the ordinance and statute. The Waukesha parking agent who cited him, Michelle Gartner, testified at trial that she observed Kinuthia's blue Nissan less than ten feet from the crosswalk, which was clearly marked. Although Kinuthia scored a point of sorts on cross-examination by having Gartner estimate his height and then proclaiming that she was off by four inches—a point we will

accept as true for purposes of this appeal—this was not the Perry Mason moment he was apparently hoping for. To the contrary, Gartner's accuracy in judging that the vehicle was parked more than five feet into the forbidden fifteen-foot zone was bolstered by her experience and established beyond dispute by three photographs she took at the scene. The evidence was further unrefuted that Kinuthia was not in the process of loading or unloading his vehicle. All of which is to say that the factual basis for the violation was clear; we can proceed with the legal questions that make up the gist of Kinuthia's appeal.

¶5 Kinuthia starts his constitutional challenge by complaining that the circuit court's failure to require the City to file a brief or hold oral argument separate from a January 24, 2020 conference deprived him of procedural due process. We are dubious of this legal proposition in light of Kinuthia's failure to request a de novo trial. As such, the circuit court's review was limited to the transcript of the municipal court proceedings, and neither party was entitled to briefing or oral argument. *See City of Middleton v. Hennen*, 206 Wis. 2d 347, 351, 354-55, 557 N.W.2d 818 (Ct. App. 1996). Regardless, whatever merit this argument may have is beside the point given Kinuthia's failure to provide a transcript of the circuit court proceedings about which he complains. *See* WIS. STAT. RULES 809.11(4), 809.19(1)(e) (appellant shall request copies of the transcript of lower-court proceedings, and appellate arguments must cite to the those parts of the record relied upon). Accordingly, we reject it without further discussion.

¶6 Kinuthia's principal argument is that due process requires streets be marked with "no parking" or similar signage, alerting motorists to the fifteen-foot no-parking restriction. Kinuthia's position might have at least arguable merit if this were only a local ordinance, although a successful argument would more

3

likely be based in Wisconsin statutory law, rather than due process. *See* WIS. STAT. § 346.53(6) (prohibiting parking "[u]pon any portion of a highway where and at the time when parking is prohibited, limited or restricted by official traffic signs"). But the fifteen-foot restriction is duplicative of a statewide restriction embodied in § 346.53(5). A separate section of WIS. STAT. ch. 346 expressly provides that "[w]henever a particular section [in ch. 346] does not state that signs are required, such section is effective even though no signs are erected or in place." WIS. STAT. § 346.02(7). Consequently, Kinuthia is legally presumed to know and be capable of complying with the fifteen-foot restriction, which is part of Wisconsin's "rules of the road."

¶7 WISCONSIN STAT. § 346.02(7) codifies, in the context of the state traffic code, the long-held maxim that ignorance of the law is not a defense. *See State v. Collova*, 79 Wis. 2d 473, 488, 255 N.W.2d 581 (1977). To be sure, if such ignorance were brought about by some vagueness in the law on its face, or as applied to a particular situation, the maxim might yield to due process concerns. *See Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1972) ("Living under a rule of law entails various suppositions, one of which is that '(all persons) are entitled to be informed as to what the State commands or forbids.'" (citation omitted)). Due process might be implicated if, say, the crosswalk to which the ordinance and statute applied were not clearly marked, or if the ordinance and statute themselves were somehow unclear in what they proscribed. We need not delve into such questions here. Due process plays no role in deciding a case where the defendant's position is that he was entitled to a contemporaneous reminder of a statutory requirement that is both clear on its face and clearly applicable to his situation. The order of the circuit court is affirmed.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.